UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YUEFENG SHI, on his own behalf and
on behalf of others similarly situated,

                                Plaintiff,

              - against -                       Case No. 1:19-cv-08502

TL & CG INC.
        d/b/a Han;
GUOYONG CHEN
        a/k/a Guo Yong Chen
        a/k/a John 01 Doe,
GUOQING CHEN
        a/k/a Guo Qing Chen
        a/k/a Peter Chen
        a/k/a Peter Doe,
JIAN XIANG YANG
        a/k/a Jianxiang Yang
        a/k/a John 02 Doe, and
YI NEN CHEN
        a/k/a Yinen Chen,
                          Defendants.
------------------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR
(1) CONDITIONAL CERTIFICATION PURSUANT TO THE FAIR LABOR STANDARDS ACT
(2) COURT-AUTHORIZED NOTICE TO SIMILARLY SITUATED INDIVIDUALS AND
(3) DISCLOSURE OF CONTACT INFORMATION FOR NOTICE TO POTENTIAL OPT-INS**

**THE LAW FIRM OF JOEL SPIVAK**
98 Cutter Mill Road, Suite 310N
Great Neck, NY 11021
(516) 829-3939
joel@joelspivaklaw.com

*Attorneys for Defendants*
*TL & CG Inc., Guoyong Chen,*
*Guoqing Chen and Yi Nen Chen*

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES..................................................................................... ii

PRELIMINARY STATEMENT............................................................................ 1

CONDITIONAL CERTIFICATION IS NOT APPROPRIATE…...………………….. 2

    The Standard for Conditional Collective Action Certification…………………… 2

FACTS……...…………………………………………………………………….. 5

ANALYSIS OF COLLECTIVE ACTION ALLEGATIONS BY PLAINTIFF….……… 7

    The Complaint.…………………………………………………………………. 7

    Plaintiff's Affidavit – Plaintiff's Employment..……………………………… 7

    Plaintiff's Affidavit – Proposed Collective Class Action………….…………….. 7

NOTICE AND ORDER..…………………………………………………………… 8

CONCLUSION.................................................................................................. 9

TABLE OF AUTHORITIES

Page

**Cases**

*Balverde v. Lunella Restaurant, Inc.,*
2016 WL 2757430, at *4 (S.D.N.Y. May 11, 2016)……………………………… 5

*Boice v. M+W U.S. Inc.,*
130 F.Supp. 3d 677 (N.D.N.Y. 2015)…………………………………………… 3

*Espinoza v. 953 Associates, LLC.,*
280 F.R.D. 113 (S.D.N.Y. 2011)……………………………………………….. 4

*Fasanelli v. Heartland Brewery, Inc.,*
516 F.Supp.2d 317, 321 (S.D.N.Y. 2007)……………………………………… 3

*Gillian v. Starjem Rest. Corp.,*
2011 WL 4639842, at *6 (S.D.N.Y. Oct. 4, 2011)………………………………… 5

*Glatt v. Fox Searchlight Pictures, Inc.,*
791 F.3d 376 (2nd Cir. 2015)………………………………………………….. 4

*Guan Ming Ling v. Benihana Nat'l Corp.,*
275 F.R.D. 165 (SDNY 2011)……………………………………………….. 4, 9

*Hoffman v. Sbarro, Inc.,*
982 F.Supp. 249 (S.D.N.Y. 1977)……………………………………………… 2

*Ide v. Neighborhood Restaurant Partners, LLC,*
32 F.Supp.3d 1285 (2014)……………………………………………………… 4

*Iglesias-Mendoza v. LaBelle Farm, Inc.,*
239 F.R.D. 363, 367 (S.D.N.Y. 2007)………………………………………….. 2

*Jeong Woo Kim v. 511 E. 5th Street, LLC,*
985 F.Supp. 2d 439 (SDNY 2013)…………………………………………….. 4

*Mendoz v. Casa de Cambio Delgado, Inc.,*
No. 07 Civ. 2879 2008 WL 938584 at *1 (S.D.N.Y. April 7, 2008)……………… 2

*Morales v. Plantworks, Inc.,*
No. 05 Civ. 2349, 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006)……………… 3

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

### Cases

*Prizmic v. Armour, Inc.,*
     No. 05 CV 2503, 2006 WL 1662614 (E.D.N.Y. June 12, 2006)…………………..  3

*Rodolico v. Unisys Corp.,*
     199 F.R.D. 468, 481 (S.D.N.Y. 2001)……………………………………………..  2

*Sharma v. Burberry, Ltd.,*
     42 F.Supp. 3d 443 (E.D.N.Y. 2004)………………………………………………  3

*Sipas v. Sammy's Fishbox, Inc.,*
     No. 05 Civ. 10310, 2006 WL 1084556 at *2 (S.D.N.Y. April 24, 2006)………….  3

*Sobczak v. AWL Indus., Inc.,*
     540 F.Supp. 354 (S.D.N.Y. 2007)…………………………………………………  2

### Statutes

Federal Labor Standards Act §216(b)……………………………………………..  1

Federal Rules of Civil Procedure………………………………………………….  1, 2

New York Labor Law………………………………………………………………..  1

<u>PRELIMINARY STATEMENT</u>[1]

This is an action by Plaintiff YUEFENG SHI (Plaintiff) seeking compensation for unpaid minimum wages, overtime, out-of-pocket expenses, spread of hours and New York State wage notice violations under the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL).

In the Amended Complaint, Plaintiff seeks both FRCP 23 Class Action and FLSA § 216(b) collective action certification.[2]  Although Plaintiff has not withdrawn the class action Complaint allegations, the Motion now before the Court seeks only Conditional Collective Action Certification of the claims for "all other and former non-exempt employees" (Amended Complaint ¶ 67).  Plaintiff also seeks a Court-facilitated Notice to covered employees including Excel spreadsheets, a consent (opt-in) form, approval of the proposed Notice and consent form, posting of the Notice and consent form, and production of names, last known mailing addresses, alternate addresses, telephone numbers, Social Security numbers, dates of employment of all covered employees and conditionally publishing at Defendants' expense by social media and newspaper.

This Memorandum of Law is submitted by Defendants TL & CG INC. d/b/a HAN (Company), GUOYONG CHEN a/k/a GUO YONG CHEN a/k/a John 01 Doe (Guoyong Chen), GUOQING CHEN a/k/a Guo Qing Chen a/k/a Peter Chen a/k/a Peter Doe (Guoqing Chen), and YI NEN CHEN a/k/a Yinen Chen (Yinen Chen), collectively referred to as Defendants in opposition to Plaintiff's Motion.

---

[1] The cited paragraphs of Plaintiff's Amended Complaint will be referenced as "Amended Complaint ¶ __".  The cited paragraphs of Defendant Guoyong Chen's Affidavit will be referenced as "Chen Aff. ¶ __".  The cited paragraphs of Plaintiff Yuefeng Shi's Affidavit will be referenced as "Pl Aff. ¶ __".  The cited paragraphs of Plaintiff's proposed Order will be referenced as "Pl. Proposed Order ¶ __".

[2] This Motion for collective action included the original Complaint as an exhibit.  However, Plaintiff filed an Amended Complaint, but did not reserve the Motion with the Amended Complaint or ask the Court to substitute the Amended Complaint for the original Complaint.

Plaintiff and the purported collective class members do not meet the minimum requirement of "similarly situated" plaintiffs and his claims are unique to him.  Depending on job titles and job status – tipped and non-tipped – workers (including Plaintiff), chefs, kitchen staff, former waitstaff, dishwashers, cashiers and delivery persons work different hours, are paid differently and under different terms and conditions of employment.  As set forth below, neither the Complaint allegations, nor Plaintiff's hearsay affidavit establish the contrary.  Plaintiff has not met even the low burden for conditional certification of Defendants' wall-to-wall employees.

This action should be limited solely to Plaintiff, a former employee who is not "similarly situated" to the other employees.  Not one other current or former employee has joined in this lawsuit.

<u>CONDITIONAL CERTIFICATION IS NOT APPROPRIATE</u>

<u>The Standard for Conditional Collective Action Certification</u>

Under the FLSA, Plaintiff may elect to seek certification to proceed as a collective action, which allows other similarly situated employees to opt-in t the litigation.  *See Iglesias-Mendoza v. LaBelle Farm, Inc.,* 239 F.R.D. 363, 367 (S.D.N.Y. 2007).  Unlike FRCP Rule 23, the collective class certification burden is less.  *Hoffman v. Sbarro, Inc.,* 982 F.Supp. 249 (S.D.N.Y. 1977).  Nevertheless, the plaintiff still must establish that the plaintiff has shown that the proposed members of the collective action are "similarly situated".  *See, e.g., Rodolico v. Unisys Corp.,* 199 F.R.D. 468, 481 (S.D.N.Y. 2001).  The term similarly situated is not defined by the FLSA or its regulations.  Courts ordinarily have applied the test of whether the proposed members of the collective action are similarly situated.  *See., e.g., Mendoz v. Casa de Cambio Delgado, Inc.,* No. 07 Civ. 2879 2008 WL 938584 at *1 (S.D.N.Y. April 7, 2008); *Sobczak v. AWL Indus., Inc.,* 540 F.Supp. 354 (S.D.N.Y. 2007).

In making this showing, plaintiffs can rely on the pleadings, but only as supplemented by other evidence, such as affidavits from named plaintiffs, opt-in plaintiffs, or other putative collective action members.  *See Fasanelli v. Heartland Brewery, Inc.,* 516 F.Supp.2d 317, 321 (S.D.N.Y. 2007).  Mere allegations in the complaint are not sufficient to meet the plaintiff's burden on a motion for collective action certification.  Some factual showing by affidavit or otherwise must be made.  *Prizmic v. Armour, Inc.,* No. 05 CV 2503, 2006 WL 1662614 (E.D.N.Y. June 12, 2006).

Although the plaintiff need only make a "modest" showing that the putative collective action members are similarly situated, the evidence must be sufficient to demonstrate that plaintiffs and potential plaintiffs together were victims of a common policy or plan that violated the law.  But more than allegations and a conclusion in one affidavit is required.  *Boice v. M+W U.S. Inc.,* 130 F.Supp. 3d 677 (N.D.N.Y. 2015), denying certification and observing that, despite modest factual showing standard, plaintiff must provide more than uncorroborated, self-serving statements to support motion for conditional certification.  *See, e.g., Sipas v. Sammy's Fishbox, Inc.,* No. 05 Civ. 10310, 2006 WL 1084556 at *2 (S.D.N.Y. April 24, 2006) where the collective action was certified based on complaint and three supporting affidavits, each alleging that the named plaintiffs and approximately seventy-five (75) others were employed in same position, wore same uniforms, attended same semi-annual meetings, reported to same supervisor, and were paid same wage.  Furthermore, the plaintiff's supporting allegations must be specific, not conclusory.  *Morales v. Plantworks, Inc.,* No. 05 Civ. 2349, 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006).

Indeed, where plaintiffs sought certification in a collective action, which class was not supplemented by affidavits of other employees, certification was denied.  *Sharma v. Burberry,*

- 3 -

*Ltd.,* 42 F.Supp. 3d 443 (E.D.N.Y. 2004); *Guan Ming Lin v. Benihana Nat'l Corp.,* 275 F.R.D. 165 (S.D.N.Y. 2011); *Glatt v. Fox Searchlight Pictures, Inc.,* 791 F.3d 376 (2nd Cir. 2015); *Espinoza v. 953 Associates, LLC.,* 280 F.R.D. 113 (S.D.N.Y. 2011).

Courts have distinguished restaurant employee job classifications and tipped employees from all-inclusive restaurant as subclasses.  For example, in *Guan Ming Ling v. Benihana Nat'l Corp., supra.*, the Court noted that the plaintiffs' submissions did not on their own provide sufficient justification for collective action certification beyond delivery persons.   Although two of the affidavits conclusorily stated that clocking out before their last delivery of the day was the common practice among delivery persons of all restaurants, they did not elaborate on the origin or operation of the practice.

In *Jeong Woo Kim v. 511 E. 5th Street, LLC,* 985 F.Supp. 2d 439 (SDNY 2013), the plaintiff sought conditional certification not only on behalf of all the kitchen workers, but also on behalf of every other non-exempt employee, including porters, waiters, runners, bussers, and bartenders.  Although the plaintiff had shown that he was situated similarly to the other kitchen staff members, he did not demonstrate a sufficient factual nexus between himself and the non-kitchen staff.  Significantly, the plaintiff did not allege that all employees were paid the same as him.

In *Ide v. Neighborhood Restaurant Partners, LLC,* 32 F.Supp. 3d 1285 (2014), the Court concluded that plaintiff did not present sufficient evidence that all of defendants' tip credit employees spent more than 20 percent of their work time performing non-tip related duties. Therefore, individual inquiries would be necessary to determine which, if any, of defendants' tip credit employees are entitled to minimum wage compensation for the relevant time period.  As such individual inquiries would be necessary, certifying this case as a collective action would not

aide in the resolution of common issues of law or fact.  Accordingly, plaintiff's Motion for an

Order to Authorize Notice to Similarly-Situated Persons was denied.

In *Balverde v. Lunella Restaurant, Inc.,* 2016 WL 2757430, at *4 (S.D.N.Y. May 11,

2016), the Court granted the formers servers' motion for conditional certification as to "front of

the house" servers, bartenders, and runners, but denied inclusion of "back of the house"

employees because plaintiffs failed to show that alleged failure to pay overtime was "a corporate

policy" that applied to "back of house" employees.

In *Gillian v. Starjem Rest. Corp.,* 2011 WL 4639842, at *6 (S.D.N.Y. Oct. 4, 2011), the

Court denied conditional certification in a tip-credit and tip-pool case because, among other

reasons, minimum wage and overtime claims required examination of each individual's hours

worked each shift and each week).

<u>FACTS</u>

Plaintiff's Amended Complaint and Affidavit read together fail to establish that he and

the proposed class employees are similarly situated.  Plaintiff alleges hearsay conversations with

other employees which establish that in fact they are not similarly situated.  Given that Plaintiff

centers his case around the lack of statutory notice and information about his wages and tip

credit, his case and claim of similarly situated are undermined by the Notices and

Acknowledgements of Pay Rate and Payday with his signature (Chen Aff. Exhibit A).  Indeed,

not one other potential class member with whom Plaintiff allegedly spoke has joined as a

plaintiff.

The Defendant restaurant opened in April 2018.  Prior to the pandemic as a new

restaurant, it was barely surviving.  It is a small restaurant.  It does not operate on a computer.  It

closed as a result of bad business and the pandemic on March 10, 2020.  It reopened on July 15,

2020, without waitstaff on a limited basis.  There are currently one (1) chef, one (1) kitchen

worker, one (1) cashier, and one (1) delivery person.  The business has taken in about a few

hundred dollars a day since opened and it does not look like it will be able to stay in business

(Chen Aff. ¶ 4).

      During the prior two years when the restaurant was open, there were full-time, part-time

and short-term employees.  On average, there were one and one-half (1-1/2) chefs, one (1)

kitchen worker, two (2) waiters, one (1) dishwasher and two (2) delivery people.  There were no

cashiers.  As a small operation, each person is treated and paid differently based upon their skills,

ability, job function, job duties and experience (Chen Aff. ¶ 5).

      The chef is paid hourly and is not tipped.  The kitchen worker is paid hourly and is not

tipped.  When there was a dishwasher, he was paid hourly and was not tipped.  When there was a

waitstaff, they were paid hourly and were tipped.  Delivery people, including Plaintiff, are paid

hourly and are tipped (Chen Aff. ¶¶ 6-10).

      Plaintiff worked for the restaurant for a short period of time from February 20, 2018 to

October 4, 2018 and again from November 21, 2018 to July 30, 2019 doing deliveries.  Contrary

to Plaintiff's affidavit, he received two Acknowledgements of Payrate and Pay Day when he

started and when he returned to work stating hourly rates, overtime rates and tip allowance (Chen

Aff. Exhibit A).  When he had nothing else to do, he volunteered for short periods of time to help

the other employees with non-delivery work.  This was much less than twenty (20%) percent of

his time.  Plaintiff has little if anything in common with the other employees including the other

delivery employees (Chen Aff. ¶ 11).  Plaintiff is no longer employed, was paid differently than

the other employees and has a unique claim as to his employment and bicycle issues (Chen Aff. ¶

12).

- 6 -

<u>ANALYSIS OF COLLECTIVE ACTION ALLEGATIONS BY PLAINTIFF</u>

<u>The Complaint</u>

The allegation of collective action in the Amended Complaint ¶ 67 is boilerplate and

contains no factual assertions:

> "Plaintiff brings this action individually and on behalf of other and
> former non-exempt employees who have been or were employed
> by the Defendants for up to the last three (3) years, through entry
> of judgment in this case (the "Collective Action Period") and who
> were not compensated at least the minimum wage for all hours
> worked or at one and one half times their regular rates for all hours
> worked per week in excess of 40 (the "Collective Action
> Members")."

<u>Plaintiff's Affidavit – Plaintiff's Employment</u>

Generally, Plaintiff alleges he worked as a delivery person at Defendants' sushi

restaurant for short periods from on or about February 20, 2018 to October 4, 2018 and again

from November 21, 2018 to July 30, 2019 (Pl. Aff. ¶ 3).  He was paid a daily flat fee and had to

return part of it in cash (Pl. Aff. ¶¶ 8-10).  He further alleges he purchased and maintained the

costs of the vehicle at his expense (Pl. Aff. ¶ 15-16).  He was also required to do more than

twenty (20%) percent of non-tipped work (Pl. Aff. ¶¶ 10-11).  He was not informed of his hourly

rate or tip deductions (Pl. Aff. ¶ 12).  He was not paid spread of hours (Pl. Aff. ¶ 14).  He alleges

other delivery persons were paid a base pay excluding tips, but does not allege they were tipped

or that they performed non-tip work or incurred delivery expenses (Amended Complaint Chart,

Pl. Aff. ¶¶ 10-24).

<u>Plaintiff's Affidavit – Proposed Collective Action Class</u>

Plaintiff's assertions concerning past co-employees are set forth in ¶¶ 10-42 of the

Amended Complaint and are summarized in a chart after ¶ 17 of the Amended Complaint.  They

do not establish that Plaintiff's employment set forth above is similarly situated to the proposed class.

For example, Plaintiff asserts that the chef, kitchen worker and dishwasher work overtime, but he provides no information concerning how much they were paid, how they were paid or that any other the terms and conditions of employment that he alleges were the same as his (Amended Complaint Chart and Pl. Aff. ¶¶ 22-39).

Plaintiff does not assert that there was a cashier. There was none when he worked there.

Plaintiff asserts wait staff was paid a flat compensation and did not receive tips (as he does). Nor does he alleged that the wait staff was required to refund any wages (Amended Complaint ¶¶ 15, 21). Indeed, Plaintiff was not similarly situated with wait staff (a position no longer at Defendant).

Plaintiff alleges that other delivery staff were paid the same as he, but he does not allege that they were required to provide and maintain delivery vehicles or performed non-tip work. Similarly, he does not allege whether or not they received the statutory wage notices. It is unclear whether they received tips (Pl. Aff. ¶¶ 10-25).

Based upon all of the foregoing, Plaintiff's Motion for Collective Action Certification should be denied. He is not similarly situated with the proposed class members. This case should proceed with named Plaintiff as the sole Plaintiff.

<u>NOTICE AND ORDER</u>

It could be appropriate for courts in collective actions to order a notice and provide the discovery of class information of potential collective members. However, in our case where collective action should be denied, such relief is unwarranted and should be denied. Where a

motion for collective action certification is denied, approval of the proposed notice and ordering

the issuance of the notice is unwarranted.  *Guan Ming Lin v. Benihana Nat'l Corp., supra.*

  In view of the foregoing, the Court should not sign the proposed Order or authorize

notice to similarly situated individuals.[3]

CONCLUSION

  For the foregoing reasons, Defendants respectfully request that the Court not

conditionally certify Plaintiff's FLSA claim as a collective action and therefore not approve

notice to be sent to all allegedly Covered Employees, and order Defendants to produce the

names, telephone numbers and Social Security numbers of all Covered Employees.

Dated: Great Neck, New York
   July 28, 2020

Respectfully submitted,

**THE LAW FIRM OF JOEL SPIVAK**
*Attorneys for Defendants*
*TL & CG Inc., Guoyong Chen,*
*Guoqing Chen and Yi Nen Chen*
98 Cutter Mill Road, Suite 310N
Great Neck, NY 11021
(516) 829-3939

   /s/ Joel Spivak

By_____
  Joel Spivak, Esq. (JS0940)

TO: **TROY LAW, PLLC**
  *Attorneys for Plaintiff*
  41-25 Kissena Boulevard, Suite 103
  Flushing, NY  11355
  (718) 762-1324
  Email: johntroy@troypllc.com

---

[3] Beyond the foregoing, Defendants do not maintain computer (Excel) business records (Chen Aff. ¶ 4, Pl. Proposed Order ¶¶ 1, 13, 18).  A notice in social media, etc., is not warranted (Pl. Proposed Order ¶¶ 7, 8, 12, 15).