UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
YUEFENG SHI, on his own behalf and
on behalf of others similarly situated,

                              Plaintiff,

            - against -                                      Case No. 1:19-cv-08502

TL & CG INC.
        d/b/a Han;
GUOYONG CHEN
        a/k/a Guo Yong Chen
        a/k/a John 01 Doe,
GUOQING CHEN
        a/k/a Guo Qing Chen
        a/k/a Peter Chen
        a/k/a Peter Doe,
JIAN XIANG YANG
        a/k/a Jianxiang Yang
        a/k/a John 02 Doe, and
YI NEN CHEN
        a/k/a Yinen Chen,
                              Defendants.
-------------------------------------------------------------X


**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**


**THE LAW FIRM OF JOEL SPIVAK**
98 Cutter Mill Road, Suite 310N
Great Neck, NY 11021
(516) 829-3939
joel@joelspivaklaw.com

*Attorneys for Defendants*
*TL & CG Inc., Guo Yong Chen,*
*Guo Qing Chen and Yi Nen Chen*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES...................................................................................   ii

PRELIMINARY STATEMENT...........................................................................   1

LEGAL ARUGMENT……………………………………………………………..   1

    THERE ARE GENUINE ISSUES OF MATERIAL FACTS
    WHICH PRECLUDE SUMMARY JUDGMENT……………….........................   1

        DISPUTED MATERIAL FACTS CONCERNING
        PLAINTIFF'S WAGE CLAIMS…………………………………………..   2

        DEFENDANTS GUO QING CHEN AND YI NEN CHEN
        WERE NOT PLAINTIFF'S EMPLOYERS UNDER THE
        FLSA AND NYLL………………………………………………………   5

CONCLUSION....................................................................................................   7

## **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*Anderson v. Liberty Lobby, Inc.,*
     477 U.S. 242, 248, 106 S.Ct. 2505,…………………………………………………..   1

*Goldberg v. Whitaker House Coop., Inc.*,
     366 US 28, 33 (1961)…………………………………………………………..   5

*Irizarry v. Catsimatidis,*
     722 F.3d 99 (2nd Cir. 2013)……………………………………………………   5

*Redd v. N.Y. Div. of Parole,*
     678 F.3d 166, 173-74 (2nd Cir. 2014)…………………………………………..   1

### **Statutes**

29 USC §§ 203(e)(1), 203(g)…………………………………………………..   5

Fair Labor Standards Act……………………………………………………   1

Fed. R. Civ. P. 56(a)…………………………………………………………   1

New York Labor Law…………………………………………………………..   1

## PRELIMINARY STATEMENT[1]

This is an action by Plaintiff YUEFENG SHI (Plaintiff) seeking compensation for unpaid minimum wages, overtime, out-of-pocket expenses, spread of hours and New York State wage notice violations under the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL).

This Memorandum of Law is submitted by Defendants TL & CG INC. d/b/a HAN (Company), GUOYONG CHEN a/k/a GUO YONG CHEN a/k/a John 01 Doe (Guo Yong Chen), GUOQING CHEN a/k/a Guo Qing Chen a/k/a Peter Chen a/k/a Peter Doe (Guo Qing Chen), and YI NEN CHEN a/k/a Yinen Chen (Yinen Chen), collectively referred to as Defendants in opposition to Plaintiff's Motion for Summary Judgment.

As set forth below, Defendants did not violate the wage and hour statutes as alleged.  In addition, Defendants Guo Qing Chen and Yi Nen Chen are not statutory employers.

## LEGAL ARGUMENT

## THERE ARE GENUINE ISSUES OF MATERIAL FACTS WHICH PRECLUDE SUMMARY JUDGMENT

Summary judgment is proper only when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Redd v. N.Y. Div. of Parole,* 678 F.3d 166, 173-74 (2nd Cir. 2014).  A dispute is "genuine" when "the evidence is such that a reasonably jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505.  As more fully set forth

---

[1] The cited paragraphs of Plaintiff's Amended Complaint will be referenced as "Am. Cplt ¶ __".  The cited paragraphs of Defendants' Amended Answer will be referenced as "Am. Ans. ¶ __".  The cited paragraphs of Defendant Guo Yong Chen's Affidavit will be referenced as "Chen Aff. ¶ __".  Exhibits attached to Guo Yong Chen's Affidavit in Opposition will be referenced as "Chen Exhibit _".  The cited paragraphs of Plaintiff Yuefeng Shi's Affidavit will be referenced as "Pl Aff. ¶ __".  Reference to Plaintiff's Statement of Undisputed Facts will be referenced as "Pl. Stmt. ¶ __".

below, there are genuine issues of material facts and Plaintiff's Motion for Summary Judgment should be denied.  Beyond that, it is clear that Guo Qing Chen and Yi Nen Chen are not statutory employers and the case against them should be dismissed.

<u>**DISPUTED MATIERAL FACTS CONCERNING PLAINTIFF'S WAGE CLAIMS**</u>

There are material facts which are not in dispute.

Plaintiff was employed by TL & CG Inc. (Dkt. No. 40 ("Am. Cplt.") ¶¶ 7, 38; Dkt. No. 48 ("Am. Ans.") ¶¶ 7, 38) There is no dispute that Defendant Guo Yong Chen was the sole owner, investor and operator of TL & CG Inc. d/b/a HAN (restaurant), a restaurant serving sushi. (Chen Aff. ¶ 1)

As Plaintiff admits throughout the period relevant to this lawsuit, Guo Yong Chen owned 100% of the shares of TL & CG Inc.  (Am. Cplt. ¶ 12; Am. Ans. ¶ 12; Ex. 1)  Further, throughout the period relevant to this lawsuit, Guo Yong Chen was the President of TL & CG Inc. (Ex. 2; Ex. 3)  Further, and most significantly, throughout the period relevant to this lawsuit, Plaintiff admits that Guo Yong Chen had the power to hire employees to work for TL & CG Inc., had the power fire employees of TL & CG Inc., supervised and controlled employee work schedules and conditions of employment at Han sushi restaurant, determined employees' rates and methods of payment at Han sushi restaurant, and maintained employee records for TL & CG Inc. (Am. Cplt. ¶ 12; Am. Ans. ¶ 12)

Plaintiff worked for Han sushi restaurant as a deliveryman from on or about February 8, 2018 through on or about July 30, 2019, except from on or about October 5, 2018 through on or about November 20, 2018. (Am. Cplt. ¶¶ 7, 38, 39; Am. Ans. ¶¶ 7, 38, 39; Ex. 5; Ex. 6)

There is no dispute that Plaintiff was paid $1,500 per month. (Pl. Stmt. ¶ 2)

- 2 -

However, all the remaining material facts concerning Plaintiff's hours worked, calculation of his wages, tip credit, spread of hours, out-of-pocket expenses and wage statements are disputed as set forth below.

Plaintiff alleges at the time he was hired, he was shown, and signed, a blank wage notice, which was filled in after the fact, and not furnished a copy to keep, despite Defendants having knowledge that they had to furnish him a signed copy of the wage notice. (Ex. 5; *see also* Shi Aff. 1 ¶ 12) This allegation is disputed.  Guo Yong Chen hired every employee, told them their wages, per hour and total wages.  Guo Yong Chen also told them which department they would be working.  As a new hire, employees signed the New York State wage notice form that contains information such as how many days a week the employee would be working, how many hours and how much the government said the hourly wage would be.  Plaintiff signed that form when he was first hired and again when his pay rate changed. (Chen Aff. ¶ 5; Chen Exhibit A)

Plaintiff alleges that, throughout his employment, he regularly worked 50 hours per week: from 11:00 AM through 10:00 PM, with a 1-hour break, on Mondays, Tuesdays, Wednesdays, Fridays, and Saturdays. (Shi Aff. 1 ¶ 6)  This allegation is disputed.  Plaintiff worked from 11:00 a.m. to 10:00 p.m. with a total of three (3) breaks totaling two (2) hours.  He had a half hour for lunch, a half hour for dinner and a one-hour break in the afternoon.  His pay was calculated based on those breaks. (Chen Aff. ¶ 7)

Plaintiff alleges that, throughout his employment, he regularly worked a spread of time greater than 10 hours 5 days per week. (Shi Aff. 1 ¶ 6)  This allegation is disputed.  Plaintiff worked from 11:00 a.m. to 10:00 p.m. with a total of three (3) breaks totaling two (2) hours.  He had a half hour for lunch, a half hour for dinner and a one-hour break in the afternoon.  His pay was calculated based on those breaks. (Chen Aff. ¶ 7)

- 3 -

Plaintiff alleges that, throughout his employment, he regularly spent more than 2 hours per day, amounting to more than 20 percent of his 10-hour work day, preparing sauces, cutting cardboard for delivery containers, stocking inventory, and packing delivery orders. (Shi Aff. 1 ¶¶ 10, 11)  This allegation is disputed.  Plaintiff had no other duties unrelated to his deliveries.  He did not do side work such as preparing sauces or stocking inventory. (Chen Aff. ¶ 21)

Plaintiff alleges that, throughout his employment, in order to do his job, he had to purchase, keep, and maintain an electric bicycle to make deliveries. He spent $1,500.00 on his first electric bicycle, $800.00 on a second-hand replacement when that electric bicycle was stolen, and a battery of $250.00. Defendants did not reimburse Shi for these purchases, made for their benefit. (Shi Aff. 1 ¶¶ 15, 16)  This allegation is disputed.  Plaintiff was not required to use his electric bicycle for work.  He had an electric bicycle before he came to work at the restaurant. (Chen Aff. ¶ 23)

Plaintiff alleged he had to kick back the difference between his pay by check and his $45.00 per day pay rate each pay day. (Shi Aff. 1 ¶ 10) This allegation is disputed.  Plaintiff did not have to give any of his pay back to any Defendant. (Chen Aff. ¶ 10)

As set forth above, although the parties essentially are in agreement as to how long and how much Plaintiff was paid, there are material facts that are in dispute.  More particularly, there are disputed material facts concerning the number of hours Plaintiff worked, specific tasks he performed, how his wages were calculated, whether he was properly paid for tip credit, whether he was paid for spread of hours, whether he was entitled for reimbursement for his out-of-pocket expenses and whether he received wage statements.  For the reasons set forth above, Plaintiff's Motion for Summary Judgment should be denied.

- 4 -

## <u>DEFENDANTS GUO QING CHEN AND YI NEN CHEN</u>
## <u>WERE NOT PLAINTIFF'S EMPLOYERS UNDER THE FLSA AND NYLL</u>

The FLSA defines "employee" broadly as "any individual employed by an employer," and "employ" as "to suffer or permit to work. 29 USC §§ 203(e)(1), 203(g).  In determining whether an employment relationship exists for purposes of the FLSA, courts evaluate the "economic reality" of the relationship.  *See Goldberg v. Whitaker House Coop., Inc.*, 366 US 28, 33 (1961).  The issue is whether the alleged employer possessed the power to control the workers in question, with an eye to the "economic reality" presented by the facts of each case.  Relevant factors include "whether the alleged employer (1) had the power to hire and fire the employees; (2) supervise controlled employee work schedules or conditions of employer; (3) determined the rate and method of payment; and (4) maintained employment records.  *See Irizarry v. Catsimatidis,* 722 F.3d 99 (2nd Cir. 2013).

<u>Defendants Guo Qing Chen and Yi Nen Chen</u>

In our case, none of these factors establish that Defendants Guo Qing Chen and Yi Nen Chen, who are husband and wife (Am. Cplt. ¶ 21; Am. Ans. ¶ 21), acted or had the authority to act as a statutory employer.  Plaintiff provides barely any allegations of Defendants Guo Qing Chen and Yi Nen Chen statutory authority.

More particularly, Plaintiff's Statement of Undisputed Facts alleges only that Defendant Guo Qing Chen hired Shi, paid Shi, and arranged Shi's working schedule. (Pl. Stmt. ¶¶ 10, 11)  Guo Qing Chen was a sushi chef. (Chen Aff. ¶ 17) Guo Yong Chen, not Guo Qing Chen hired every employee, told them their wages, per hour and total wages.  Guo Yong Chen also told them which department they would be working.  Guo Yong Chen was the person who interviewed and hired Plaintiff.  Guo Yong Chen informed Plaintiff how much is his salary.  Guo Yong Chen told Plaintiff there will be a break during the day, five weeks of work from what time

to what time. (Chen Aff. ¶ 6)  Also, Guo Yong Chen paid Plaintiff by check $1,500 per month. (Chen Aff. ¶ 8)  Only sometimes, if Guo Yong Chen was not there, Guo Qing Chen made checks if deliveries were made to the restaurant or if wages had to be paid. (Chen Aff. ¶ 17)

Plaintiff's Statement of Undisputed Facts similarly alleges only that Yi Nen Chen hired and fired workers from time to time arranged what days Shi would work, and took customer delivery orders that she would then pass to Shi to deliver. (Pl. Stmt ¶3)

Defendant Yi Nen Chen was a part-time cashier. (Chen Aff. ¶ 18)  She was an employee and not a statutory manager and/or supervisor.  She was not responsible for the payment of employee wages. (Chen Aff. ¶ 13)  Defendant Yi Nen Chen did not give employees tasks to do or tell them how to perform tasks.  She did not hire anybody to work at the restaurant and she could not fire them if she wanted to. (Chen Aff. ¶¶ 14, 15)  Defendant Yi Nen Chen did not schedule hours, have any role in determining what days an employee would work or how many hours an employee would work in a day. (Chen Aff. ¶ 16)  Only Guo Yong Chen authorized a day off or swap shifts with another employee. (Chen Aff. ¶ 19)

It is clear from the foregoing, there are scant, if any, material substantive allegations that Guo Qing Chen and Yi Nen Chen were Plaintiff's employer.  They were solely former employees who performed the tasks of sushi chef and cashier.  If anything, the facts establish that they were not statutory employers and the case against them should be dismissed in its entirety.

**<u>CONCLUSION</u>**

For the foregoing reasons, Defendants respectfully request that the Court dismiss

Plaintiff's Motion for Summary Judgment.

Dated: Great Neck, New York
      October 27, 2021

                              Respectfully submitted,

                              **THE LAW FIRM OF JOEL SPIVAK**
                              *Attorneys for Defendants*
                              *TL & CG Inc., Guo Yong Chen,*
                              *Guo Qing Chen and Yi Nen Chen*
                              98 Cutter Mill Road, Suite 310N
                              Great Neck, NY 11021
                              (516) 829-3939

                              By_____
                                Joel Spivak, Esq. (JS0940)

TO:    **TROY LAW, PLLC**
        *Attorneys for Plaintiff*
        41-25 Kissena Boulevard, Suite 103
        Flushing, NY  11355
        (718) 762-1324
        Email: johntroy@troypllc.com