UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
YUEFENG SHI, on his own behalf and
on behalf of others similarly situated,

                              Plaintiff,

       - against -                                  Case No. 1:19-cv-08502 (SN)

                                                                  **Defendants' Response to**
                                                                    **Plaintiff's Statement of**
TL & CG INC.                                                   **Undisputed Material Facts**
      d/b/a Han;
GUOYONG CHEN
      a/k/a Guo Yong Chen
      a/k/a John 01 Doe,
GUOQING CHEN
      a/k/a Guo Qing Chen
      a/k/a Peter Chen
      a/k/a Peter Doe,
JIAN XIANG YANG
      a/k/a Jianxiang Yang
      a/k/a John 02 Doe, and
YI NEN CHEN
      a/k/a Yinen Chen,
                                           Defendants.
---------------------------------------------------------------X

        Defendants TL & CG INC. d/b/a Han, GUOYONG CHEN a/k/a GUO YONG CHEN a/k/a John 01 Doe (GUO YONG CHEN); GUOQING CHEN a/k/a Guo Qing Chen a/k/a Peter Chen a/k/a Peter Doe (GUO QING CHEN); and YI NEN CHEN a/k/a Yinen Chen (YI NEN CHEN), collectively referred to as Defendants, by their attorneys, The Law Firm of Joel Spivak, hereby submits the following response to Plaintiff's Statement of Undisputed Material Facts pursuant to Rule 56.1(a) of the Local Civil Rules of the United States District Court for the Southern District of New York:

1. **Plaintiff's Statement:**

    Shi was employed by TL & CG Inc., Guoyong Chen, Guoqing Chen, Jian Xiang Yang, and Yi Nen Chen (hereinafter referred to collectively as "Defendants"). Dkt. No. 40 ("Am. Cplt.") ¶¶ 7, 38; Dkt. No. 48 ("Am. Ans.") ¶¶ 7, 38.

    **Defendants' Response: DISPUTED**

    Guo Yong Chen was the sole owner, investor and operator of Defendant TL & CG INC. d/b/a HAN (restaurant), a restaurant serving sushi. **(Chen Aff. ¶ 1)**[1] Guo Yong Chen was Plaintiff's employer and his only manager and supervisor. **(Chen Aff. ¶ 3)**

2. **Plaintiff's Statement:**

    Defendants were aware of their obligations, including to pay minimum wage, to pay overtime, to pay spread of time, and specifically to pay hourly rates, under the New York Labor Law and Hospitality Industry Wage Order. Ex. 4.

    **Defendants' Response: DISPUTED**

    Guo Yong Chen was the sole owner, investor and operator of Defendant TL & CG INC. d/b/a HAN (restaurant), a restaurant serving sushi. **(Chen Aff. ¶ 1)** Guo Yong Chen was Plaintiff's employer and his only manager and supervisor. **(Chen Aff. ¶ 3)**

3. **Plaintiff's Statement:**

---

[1] The cited paragraphs of Plaintiff's Amended Complaint will be referenced as "Am. Cplt ¶ __". The cited paragraphs of Defendants' Amended Answer will be referenced as "Am. Ans. ¶ __". The cited paragraphs of Defendant Guoyong Chen's Affidavit will be referenced as "Chen Aff. ¶ __". Exhibits attached to Guo Yong Chen's Affidavit in Opposition will be referenced as "Chen Exhibit _". The cited paragraphs of Plaintiff Yuefeng Shi's Affidavit will be referenced as "Pl Aff. ¶ __".

TL & CG Inc. is a domestic business corporation organized under the laws of the State of New York with a principal address at 854 Tenth Avenue, New York, NY 10019, where it operates Han sushi restaurant. Am. Cplt. ¶ 8; Am. Ans. ¶ 8; Ex. 1.

**Defendants' Response: DISPUTED**

The restaurant now is closed and the corporation is being dissolved. **(Chen Aff. ¶ 4)**

4. **Plaintiff's Statement:**

During the period relevant to this lawsuit, TL & CG Inc. was a business engaged in interstate commerce with gross sales in excess of $500,000.00 per year. Am. Cplt. ¶ 9; Am. Ans. ¶ 9.

**Defendants' Response: UNDISPUTED**

5. **Plaintiff's Statement:**

During the period relevant to this lawsuit, TL & CG Inc. purchased and handled goods moved in interstate commerce. Am. Cplt. ¶ 10; Am. Ans. ¶ 10.

**Defendants' Response: UNDISPUTED**

6. **Plaintiff's Statement:**

At all times relevant to this lawsuit TL & CG had more than 10 employees. Ex. 3. Specifically: in Quarter 1 of 2018, TL & CG had at least 15 employees;[2] in Quarter 2 of 2018, TL & CG had at least 15 employees; in Quarter 3 of 2018, TL & CG had at least 13 employees; in 2018, TL & CG had at least 18 employees; in Quarter 1 of 2019, TL & CG had at least 12 employees; in Quarter 2 of 2019, TL & CG had at least 12 employees; in

---

[2] 14 employees are listed, but Shi is not among them even though he was employed from about February 8, 2018.

Quarter 3 of 2019, TL & CG had at least 13 employees; and in 2019, TL & CG had at least 13 employees. Ex. 3.

**Defendants' Response: UNDISPUTED**

7. **Plaintiff's Statement:**

   Throughout the period relevant to this lawsuit, Guoyong Chen owned 100% of the shares of TL & CG Inc. Am. Cplt. ¶ 12; Am. Ans. ¶ 12; Ex. 1.

   **Defendants' Response: UNDISPUTED**

8. **Plaintiff's Statement:**

   Throughout the period relevant to this lawsuit, Guoyong Chen was the President of TL & CG Inc. Ex. 2; Ex. 3.

   **Defendants' Response: UNDISPUTED**

9. **Plaintiff's Statement:**

   Throughout the period relevant to this lawsuit, Guoyong Chen had the power to hire employees to work for TL & CG Inc., had the power fire employees of TL & CG Inc., supervised and controlled employee work schedules and conditions of employment at Han sushi restaurant, determined employees' rates and methods of payment at Han sushi restaurant, and maintained employee records for TL & CG Inc. Am. Cplt. ¶ 12; Am. Ans. ¶ 12.

   **Defendants' Response: UNDISPUTED**

10. **Plaintiff's Statement:**

Guiqing Chen hired Shi, paid Shi, and arranged Shi's working schedule. Dkt. No. 33-4 ("Shi Aff. 1") ¶ 4, Ex. 9 ("Shi Aff. 2") ¶¶ 4–7, 16.

**Defendants' Response: DISPUTED**

Guo Yong Chen hired every employee, told them their wages, per hour and total wages. Guo Yong Chen also told them which department they would be working. As a new hire, employees signed a piece of paper, the New York State form that contains information such as how many days a week the employee would be working, how many hours and how much the government said the hourly wage would be. Plaintiff signed that form when he was first hired and again when his pay rate changed **(Exhibit A). (Chen Aff. ¶ 5)** Guo Yong Chen was the person who interviewed and hired Plaintiff. Guo Yong Chen informed Plaintiff how much is his salary. Guo Yong Chen told Plaintiff there will be a break during the day, five weeks of work from what time to what time. **(Chen Aff. ¶ 6)**

11. **Plaintiff's Statement:**

Guoqing Chen signed Shi's paychecks. Ex. 6.

**Defendants' Response: DISPUTED**

Guo Yong Chen paid Plaintiff by check $1,500 per month. **(Chen Aff. ¶ 8)** Guo Qing Chen was a Sushi Chef. However, sometimes, if Guo Yong Chen was not there, Guo Qing Chen made checks if deliveries were made to the restaurant or if wages had to be paid. **(Chen Aff. ¶ 17)**

12. **Plaintiff's Statement**:

5

Guoqing Chen and Yi Nen Chen are husband and wife respectively. Am. Cplt. ¶ 21; Am. Ans. ¶ 21.

**Defendants' Response:  UNDISPUTED**

13. **Plaintiff's Statement:**

Yi Nen Chen hired and fired workers at Han sushi restaurant, from time to time arranged what days Shi would work, and took customer delivery orders that she would then pass to Shi to deliver. Shi Aff. 2 ¶¶ 8–13.

**Defendants' Response:  DISPUTED**

Defendant Yi Nen Chen was a part-time cashier.  **(Chen Aff. ¶ 18)**  Defendant Yi Nen Chen was an employee and not a statutory manager and/or supervisor.  She was not responsible for the payment of employee wages.  **(Chen Aff. ¶ 13)**  Defendant Yi Nen Chen did not give employees tasks to do or tell them how to perform tasks.  She did not hire anybody to work at the restaurant and she could not fire them if she wanted to.  **(Chen Aff. ¶¶ 14, 15)**  Defendant Yi Nen Chen did not schedule hours, have any role in determining what days an employee would work or how many hours an employee would work in a day.  **(Chen Aff. ¶ 16)**  Only Guo Yong Chen authorized a day off or swap shifts with another employee.  **(Chen Aff. ¶ 19)**

14. **Plaintiff's Statement:**

Shi worked for Han sushi restaurant, located at 854 Tenth Avenue, New York, NY 10019, as a deliveryman from on or about February 8, 2018 through on or about July 30,

2019, except from on or about October 5, 2018 through on or about November 20, 2018. Am. Cplt. ¶¶ 7, 38, 39; Am. Ans. ¶¶ 7, 38, 39; Ex. 5; Ex. 6.

**Defendants' Response: UNDISPUTED**

15. **Plaintiff's Statement:**

While employed by TL & CG Inc., Guoyong Chen, Guoqing Chen, Jian Xiang Yang, and Yi Nen Chen, Shi was not exempt from receiving overtime. Am. Cplt. ¶ 30; Am. Ans. ¶ 30.

**Defendants' Response: DISPUTED**

Guo Yong Chen was the sole owner, investor and operator of Defendant TL & CG INC. d/b/a HAN (restaurant), a restaurant serving sushi. **(Chen Aff. ¶ 1)** Guo Yong Chen was Plaintiff's employer and his only manager and supervisor. **(Chen Aff. ¶ 3)**

16. **Plaintiff's Statement:**

At the time he was hired, Shi was shown, and signed, a blank wage notice, which was filled in after the fact, and not furnished a copy to keep, despite Defendants having knowledge that they had to furnish him a signed copy of the wage notice. Ex. 5; *see also* Shi Aff. 1 ¶ 12.

**Defendants' Response: DISPUTED**

Guo Yong Chen hired every employee, told them their wages, per hour and total wages. Guo Yong Chen also told them which department they would be working. As a new hire, employees signed a piece of paper, the New York State form that contains information such as how many days a week the employee would be working, how many hours and

how much the government said the hourly wage would be. Plaintiff signed that form when he was first hired and again when his pay rate changed. **(Chen Aff. ¶ 5) (Chen Exhibit A)**

17. **Plaintiff's Statement:**

The time-of-hire wage notice as filled out purported to show that Shi would be paid at a rate of $10.00 per hour with a $2.00 per hour tip credit. Ex. 5. Defendants knew that $10.00 per hour was less than the $13.00 per hour minimum wage for employees of hospitality industry employers of more than 10 employees in New York City in 2018. Ex. 4. Defendants knew that $10.00 per hour was less than the $10.85 per hour post-tip-credit minimum cash wage permitted to service employees of hospitality industry employers of more than 10 employees in New York City in 2018. Ex. 4.

**Defendants' Response: DISPUTED**

Plaintiff signed the wage notice form when he was first hired and again when his pay rate changed. **(Chen Aff. ¶ 5) (Chen Exhibit A)** Guo Yong Chen was the person who interviewed and hire Plaintiff. Guo Yong Chen informed Plaintiff how much would be his salary. Guo Yong Chen told Plaintiff there will be a break during the day, five weeks of work from what time to what time. **(Chen Aff. ¶ 6)** Plaintiff worked from 11:00 a.m. to 10:00 p.m. with a total of three (3) breaks totaling two (2) hours. Plaintiff had a half hour for lunch, a half hour for dinner and a one-hour break in the afternoon. Plaintiff's pay was calculated based on those breaks. **(Chen Aff. ¶ 7)** Plaintiff paid him by check $1,500 per month. **(Chen Aff. ¶ 8)** Plaintiff would also receive tips. **(Chen Aff. ¶ 9)** Plaintiff did not have to give any of his pay back to any Defendant. **(Chen Aff. ¶ 10)**

Guo Yong Chen told Plaintiff that from his wages would be deducted a certain amount for each meal that he was provided by the restaurant. That was also included as part of the Defendants' wage calculation. **(Chen Aff. ¶ 11)**

See **(Chen Aff. ¶ 5) (Chen Exhibit A)**

18. **Plaintiff's Statement:**

    The time-of-hire wage notice as filled out purported to show that Shi would be paid at an overtime rate of $16.00 per hour. Ex. 5. Defendants knew that $16.00 per hour was less than the $19.50 per hour minimum wage for employees of hospitality industry employers of more than 10 employees in New York City in 2018. Ex. 4. Defendants knew that $16.00 per hour was less than the $17.35 per hour post-tip-credit minimum cash wage permitted to service employees of hospitality industry employers of more than 10 employees in New York City in 2018. Ex. 4.

    **Defendants' Response: DISPUTED**

    Plaintiff signed the wage notice form when he was first hired and again when his pay rate changed. **(Chen Aff. ¶ 5) (Chen Exhibit A)** Guo Yong Chen was the person who interviewed and hire Plaintiff. Guo Yong Chen informed Plaintiff how much would be his salary. Guo Yong Chen told Plaintiff there will be a break during the day, five weeks of work from what time to what time. **(Chen Aff. ¶ 6)** Plaintiff worked from 11:00 a.m. to 10:00 p.m. with a total of three (3) breaks totaling two (2) hours. Plaintiff had a half hour for lunch, a half hour for dinner and a one-hour break in the afternoon. Plaintiff's pay was calculated based on those breaks. **(Chen Aff. ¶ 7)** Plaintiff paid him by check $1,500 per month. **(Chen Aff. ¶ 8)** Plaintiff would also receive tips. **(Chen Aff. ¶ 9)**

Plaintiff did not have to give any of his pay back to any Defendant.  **(Chen Aff. ¶ 10)** Guo Yong Chen told Plaintiff that from his wages would be deducted a certain amount for each meal that he was provided by the restaurant.  That was also included as part of the Defendants' wage calculation.  **(Chen Aff. ¶ 11)**

See **(Chen Aff. ¶ 5)** (**Chen Exhibit A**)

19. **Plaintiff's Statement:**

    The time-of-hire wage notice as filled out failed to set forth Shi's regular pay interval or payday. Ex. 5.

    **Defendants' Response:  DISPUTED**

    Plaintiff signed the wage notice form when he was first hired and again when his pay rate changed.  **(Chen Aff. ¶ 5) (Chen Exhibit A)**  Guo Yong Chen was the person who interviewed and hire Plaintiff.  Guo Yong Chen informed Plaintiff how much would be his salary.  Guo Yong Chen told Plaintiff there will be a break during the day, five weeks of work from what time to what time.  **(Chen Aff. ¶ 6)**  Plaintiff worked from 11:00 a.m. to 10:00 p.m. with a total of three (3) breaks totaling two (2) hours.  Plaintiff had a half hour for lunch, a half hour for dinner and a one-hour break in the afternoon.  Plaintiff's pay was calculated based on those breaks.  **(Chen Aff. ¶ 7)**  Plaintiff paid him by check $1,500 per month.  **(Chen Aff. ¶ 8)**  Plaintiff would also receive tips.  **(Chen Aff. ¶ 9)** Plaintiff did not have to give any of his pay back to any Defendant.  **(Chen Aff. ¶ 10)** Guo Yong Chen told Plaintiff that from his wages would be deducted a certain amount for each meal that he was provided by the restaurant.  That was also included as part of the Defendants' wage calculation.  **(Chen Aff. ¶ 11)**

See **(Chen Aff. ¶ 5) (Chen Exhibit A)**

20. **Plaintiff's Statement:**

    A subsequent wage notice, filled out in January 2019, purported to show that Shi would be paid at a rate of $11.25 per hour with a $2.25 per hour tip credit. Ex. 5. $11.25 per hour was less than the $15.00 per hour minimum wage for employees of hospitality industry employers of more than 10 employees in New York City in 2019. *See* 12 N.Y.C.R.R. § 146-1.2(a)(1)(i)(a). $11.25 per hour was less than the $12.50 per hour post-tip-credit minimum cash wage permitted to service employees of hospitality industry employers of more than 10 employees in New York City in 2019. 12 N.Y.C.R.R. § 146-1.3(a)(1)(i)(a).

    **Defendants' Response: DISPUTED**

    See **(Chen Aff. ¶ 5) (Chen Exhibit A)**

21. **Plaintiff's Statement:**

    The subsequent wage notice filled out in January 2019 purported to show that Shi would be paid at an overtime rate of $18.00 per hour. Ex. 5. $18.00 per hour was less than the $22.50 per hour minimum wage for employees of hospitality industry employers of more than 10 employees in New York City in 2019. *See* 12 N.Y.C.R.R. § 146-1.4. $18.00 per hour was less than the $20.00 per hour post-tip-credit minimum cash wage permitted to service employees of hospitality industry employers of more than 10 employees in New York City in 2019. *See* 12 N.Y.C.R.R. §§ 146-1.3(a)(1)(i)(a), 1.4.

    **Defendants' Response: DISPUTED**

See **(Chen Aff. ¶ 5) (Chen Exhibit A)**

22. **Plaintiff's Statement:**

The subsequent wage notice filled out in January 2019 failed to set forth Shi's regular pay interval or payday. Ex. 5.

**Defendants' Response: DISPUTED**

See **(Chen Aff. ¶ 5) (Chen Exhibit A)**

23. **Plaintiff's Statement:**

The time-of-hire wage notice, and the subsequent wage notice filled out in January 2019, misrepresent Shi's rate of pay.

**Defendants' Response: DISPUTED**

Plaintiff signed the wage notice form when he was first hired and again when his pay rate changed. **(Chen Aff. ¶ 5) (Chen Exhibit A)** Guo Yong Chen was the person who interviewed and hire Plaintiff. Guo Yong Chen informed Plaintiff how much would be his salary. Guo Yong Chen told Plaintiff there will be a break during the day, five weeks of work from what time to what time. **(Chen Aff. ¶ 6)** Plaintiff worked from 11:00 a.m. to 10:00 p.m. with a total of three (3) breaks totaling two (2) hours. Plaintiff had a half hour for lunch, a half hour for dinner and a one-hour break in the afternoon. Plaintiff's pay was calculated based on those breaks. **(Chen Aff. ¶ 7)** Plaintiff paid him by check $1,500 per month. **(Chen Aff. ¶ 8)** Plaintiff would also receive tips. **(Chen Aff. ¶ 9)** Plaintiff did not have to give any of his pay back to any Defendant. **(Chen Aff. ¶ 10)** Guo Yong Chen told Plaintiff that from his wages would be deducted a certain amount

for each meal that he was provided by the restaurant.  That was also included as part of the Defendants' wage calculation.  **(Chen Aff. ¶ 11)**

See **(Chen Aff. ¶ 5) (Chen Exhibit A)**

24. **Plaintiff's Statement:**

Shi was promised a flat salary of $50.00 per day. Shi Aff. 1 ¶ 7.

**Defendants' Response:  DISPUTED**

Plaintiff signed the wage notice form when he was first hired and again when his pay rate changed.  **(Chen Aff. ¶ 5) (Chen Exhibit A)**  Guo Yong Chen was the person who interviewed and hire Plaintiff.  Guo Yong Chen informed Plaintiff how much would be his salary.  Guo Yong Chen told Plaintiff there will be a break during the day, five weeks of work from what time to what time.  **(Chen Aff. ¶ 6)**  Plaintiff worked from 11:00 a.m. to 10:00 p.m. with a total of three (3) breaks totaling two (2) hours.  Plaintiff had a half hour for lunch, a half hour for dinner and a one-hour break in the afternoon.  Plaintiff's pay was calculated based on those breaks.  **(Chen Aff. ¶ 7)**  Plaintiff paid him by check $1,500 per month.  **(Chen Aff. ¶ 8)**  Plaintiff would also receive tips.  **(Chen Aff. ¶ 9)**  Plaintiff did not have to give any of his pay back to any Defendant.  **(Chen Aff. ¶ 10)**  Guo Yong Chen told Plaintiff that from his wages would be deducted a certain amount for each meal that he was provided by the restaurant.  That was also included as part of the Defendants' wage calculation.  **(Chen Aff. ¶ 11)**

See **(Chen Aff. ¶ 5) (Chen Exhibit A)**

25. **Plaintiff's Statement:**

Shi was paid a flat salary of $45.00 per day, amounting to $225.00 per five-day week. Shi Aff. 1 ¶¶ 8, 9.

**Defendants' Response: DISPUTED**

Plaintiff signed the wage notice form when he was first hired and again when his pay rate changed. **(Chen Aff. ¶ 5) (Chen Exhibit A)**

Guo Yong Chen was the person who interviewed and hire Plaintiff. Guo Yong Chen informed Plaintiff how much would be his salary. Guo Yong Chen told Plaintiff there will be a break during the day, five weeks of work from what time to what time. **(Chen Aff. ¶ 6)** Plaintiff worked from 11:00 a.m. to 10:00 p.m. with a total of three (3) breaks totaling two (2) hours. Plaintiff had a half hour for lunch, a half hour for dinner and a one-hour break in the afternoon. Plaintiff's pay was calculated based on those breaks. **(Chen Aff. ¶ 7)** Plaintiff paid him by check $1,500 per month. **(Chen Aff. ¶ 8)** Plaintiff would also receive tips. **(Chen Aff. ¶ 9)** Plaintiff did not have to give any of his pay back to any Defendant. **(Chen Aff. ¶ 10)** Guo Yong Chen told Plaintiff that from his wages would be deducted a certain amount for each meal that he was provided by the restaurant. That was also included as part of the Defendants' wage calculation. **(Chen Aff. ¶ 11)**

See **(Chen Aff. ¶ 5) (Chen Exhibit A)**

26. **Plaintiff's Statement:**

Shi was given checks for $1,500.00 per month. Ex. 6, Shi Aff. 1 ¶ 10; *see also* Ex. 3 (recording Shi being paid $4,500.00 in Quarter 2 of 2018 and Quarter 1 of 2019,

$4,498.00 in Quarter 2 of 2019, and $1,499.00 in Quarter 3 or 2019 corresponding to the month of July).

**Defendants' Response:  UNDISPUTED**

27. **Plaintiff's Statement:**

However, Shi had to kick back the difference between his pay by check and his $45.00 per day pay rate each pay day. Shi Aff. 1 ¶ 10.

**Defendants' Response:  DISPUTED**

Plaintiff did not have to give any of his pay back to any Defendant.  **(Chen Aff. ¶ 10)**

28. **Plaintiff's Statement:**

Shi's $45.00 per day salary did not include pay for overtime or spread of time. Shi Aff. 1 ¶¶ 11, 13, 14.

**Defendants' Response:  DISPUTED**

Plaintiff signed the wage notice form when he was first hired and again when his pay rate changed.  **(Chen Aff. ¶ 5) (Chen Exhibit A)**  Guo Yong Chen was the person who interviewed and hire Plaintiff.  Guo Yong Chen informed Plaintiff how much would be his salary.  Guo Yong Chen told Plaintiff there will be a break during the day, five weeks of work from what time to what time.  **(Chen Aff. ¶ 6)**  Plaintiff worked from 11:00 a.m. to 10:00 p.m. with a total of three (3) breaks totaling two (2) hours.  Plaintiff had a half hour for lunch, a half hour for dinner and a one-hour break in the afternoon.  Plaintiff's pay was calculated based on those breaks.  **(Chen Aff. ¶ 7)**  Plaintiff paid him by check

$1,500 per month.  **(Chen Aff. ¶ 8)**  Plaintiff would also receive tips.  **(Chen Aff. ¶ 9)** Plaintiff did not have to give any of his pay back to any Defendant.  **(Chen Aff. ¶ 10)** Guo Yong Chen told Plaintiff that from his wages would be deducted a certain amount for each meal that he was provided by the restaurant.  That was also included as part of the Defendants' wage calculation.  **(Chen Aff. ¶ 11)**

See **(Chen Aff. ¶ 5) (Chen Exhibit A)**

29.  **Plaintiff's Statement:**

TL & CG's quarterly NYS-45s misrepresent Shi's payments. For instance, they fail to report Shi's payments for February and March 2018 in the Quarter 1 2018 filing, and underreport Shi's payment by check for July 2019 by $1.00, and fail to report Shi's kickbacks. *C.f.* Ex. 3, Ex. 6.

**Defendants' Response:  DISPUTED**

Plaintiff signed the wage notice form when he was first hired and again when his pay rate changed.  **(Chen Aff. ¶ 5) (Chen Exhibit A)**  Guo Yong Chen was the person who interviewed and hire Plaintiff.  Guo Yong Chen informed Plaintiff how much would be his salary.  Guo Yong Chen told Plaintiff there will be a break during the day, five weeks of work from what time to what time.  **(Chen Aff. ¶ 6)**  Plaintiff worked from 11:00 a.m. to 10:00 p.m. with a total of three (3) breaks totaling two (2) hours.  Plaintiff had a half hour for lunch, a half hour for dinner and a one-hour break in the afternoon.  Plaintiff's pay was calculated based on those breaks.  **(Chen Aff. ¶ 7)**  Plaintiff paid him by check $1,500 per month.  **(Chen Aff. ¶ 8)**  Plaintiff would also receive tips.  **(Chen Aff. ¶ 9)** Plaintiff did not have to give any of his pay back to any Defendant.  **(Chen Aff. ¶ 10)**

Guo Yong Chen told Plaintiff that from his wages would be deducted a certain amount for each meal that he was provided by the restaurant. That was also included as part of the Defendants' wage calculation. **(Chen Aff. ¶ 11)**

See **(Chen Aff. ¶ 5) (Chen Exhibit A)**

30. **Plaintiff's Statement:**

    Defendants failed to record, and keep and maintain records of, Shi's working time. Ex. 8 ¶ 33.[3]

    **Defendants' Response: UNDISPUTED**

31. **Plaintiff's Statement:**

    Throughout his employment, Shi regularly worked 50 hours per week: from 11:00 AM through 10:00 PM, with a 1-hour break, on Mondays, Tuesdays, Wednesdays, Fridays, and Saturdays. Shi Aff. 1 ¶ 6.

    **Defendants' Response: DISPUTED**

    Plaintiff worked from 11:00 a.m. to 10:00 p.m. with a total of three (3) breaks totaling two (2) hours. He had a half hour for lunch, a half hour for dinner and a one-hour break in the afternoon. His pay was calculated based on those breaks. **(Chen Aff. ¶ 7)**

32. **Plaintiff's Statement:**

    Throughout his employment, Shi regularly worked a spread of time greater than 10 hours 5 days per week. Shi Aff. 1 ¶ 6.

---

[3] The Exhibits C and D referred to, which were the only responsive documents in Defendants' possession, refer to TL & CG NYS-45 forms (reproduced here as Exhibit 3) and Shi's wage notices, paychecks, and W-2s (reproduced here as Exhibits 5, 6, and 7 respectively). Defendants did not keep, maintain, or disclose any time records.

**Defendants' Response: DISPUTED**

Plaintiff worked from 11:00 a.m. to 10:00 p.m. with a total of three (3) breaks totaling two (2) hours. He had a half hour for lunch, a half hour for dinner and a one-hour break in the afternoon. His pay was calculated based on those breaks. **(Chen Aff. ¶ 7)**

33.  **Plaintiff's Statement:**

Throughout his employment, Shi regularly spent more than 2 hours per day, amounting to more than 20 percent of his 10-hour work day, preparing sauces, cutting cardboard for delivery containers, stocking inventory, and packing delivery orders. Shi Aff. 1 ¶¶ 10, 11.

**Defendants' Response: DISPUTED**

Plaintiff had no other duties unrelated to his deliveries. He did not do side work such as preparing sauces or stocking inventory. **(Chen Aff. ¶ 21)**

34.  **Plaintiff's Statement:**

Throughout his employment, Shi was not provided a wage statement compliant with N.Y. Lab. L. § 195.3. Shi Aff. 1 ¶ 12; *see also* Ex. 8 ¶ 33.

**Defendants' Response: UNDISPUTED**

35.  **Plaintiff's Statement:**

Throughout his employment, in order to do his job, Shi had to purchase, keep, and maintain an electric bicycle to make deliveries. He spent $1,500.00 on his first electric bicycle, $800.00 on a second-hand replacement when that electric bicycle was stolen, and

a battery of $250.00. Defendants did not reimburse Shi for these purchases, made for their benefit. Shi Aff. 1 ¶¶ 15, 16.

**Defendants' Response:  DISPUTED**

Plaintiff was not required to use his electric bicycle for work.  He had an electric bicycle before he came to work at the restaurant.  **(Chen Aff. ¶ 23)**

Dated: Great Neck, New York
October 27, 2021

                Respectfully submitted,

                **The Law Firm of Joel Spivak**
                *Attorney for Defendants TL&CG Inc.,*
                *Guoyong Chen, Guoqing Chen*
                *and Yi Nen Chen*
                98 Cutter Mill Road, Suite 310N
                Great Neck, NY 11021
                (516) 829-3939
                joel@joelspivaklaw.com

                By_____
                  Joel Spivak, Esq. (JS0960)

TO: **TROY LAW, PLLC**
    *Attorneys for Plaintiff*
    41-25 Kissena Boulevard, Suite 103
    Flushing, NY  11355
    (718) 762-1324
    Email: johntroy@troypllc.com