UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
YUEFENG SHI,

                                Plaintiff,      Case No. 19-cv-08502 (SN)

               v.

TL & CG INC.
    d/b/a Han,
GUOYONG CHEN
    a/k/a Guo Yong Chen
    a/k/a John 01 Doe,
GUOQING CHEN
    a/k/a Guo Qing Chen
    a/k/a Peter Chen
    a/k/a Peter Doe,
JIAN XIANG YANG
    a/k/a Jianxiang Yang
    a/k/a John 02 Doe, and
YI NEN CHEN
    a/k/a Yinen Chen,

                                Defendants.
------------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S <u>MOTION FOR SUMMARY JUDGMENT</u>**

                                                    Aaron B. Schweitzer
                                                    T<small>ROY</small> L<small>AW</small>, PLLC
                                                    41-25 Kissena Boulevard, Suite 103
                                                    Flushing, NY 11355
                                                     Tel: (718) 762-1324
                                                     troylaw@troypllc.com
                                                     *Attorneys for Plaintiff*

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ...................................................................................................... ii

**PRELIMINARY STATEMENT** ............................................................................................... 1

**ARGUMENT** ............................................................................................................................... 1

    **I.   GUO QING CHEN AND YI NEN CHEN MAY NOT DENY THAT THEY WERE PLAINTIFF'S EMPLOYERS, BECAUSE THEIR EMPLOYER STATUS HAS BEEN REMOVED FROM CONSIDERATION AS A JUDICIALLY-ADMITTED FACT** ........ 1

    **II.   THERE IS NO DISPUTE AS TO PLAINTIFF'S WAGES** ..................................... 4

**CONCLUSION** ............................................................................................................ 6

# **TABLE OF AUTHORITIES**

**Cases**

*Ancile Inv. Co. Ltd. v. Archer Daniels Midland Co.*, No. 08-cv-09492 (KMW), 2011 U.S. Dist. LEXIS 87843 (S.D.N.Y. Aug. 3, 2011) ................................................................................ 2

*Banks v. Yokemick*, 214 F. Supp. 2d 401 (S.D.N.Y. 2002) ............................................................ 2

*Gibbs v. CIGNA Corp.*, 440 F.3d 571 (2d Cir. 2006) .................................................................... 1

*Goett v. VI Jets International, Inc.* No. 14-cv-08256 (MHD), 2015 U.S. Dist. LEXIS 77263 (S.D.N.Y. Apr. 22, 2015) ............................................................................................. 6

*Hausler v. JP Morgan Chase Bank, N.A.*, 127 F. Supp. 3d 17 (S.D.N.Y. 2015) ........................... 2

*Lanzetta v. Florio's Enterprises, Inc.*, 763 F. Supp. 2d 615 (S.D.N.Y. 2011) ........................... 5, 6

*Salinas v. Starjem Rest. Corp.* 123 F. Supp. 3d 442 (S.D.N.Y. 2015) ........................................... 7

*TR 39th St. Land Corp. v. Salsa Distrib. USA, LLC*, No. 11-cv-07193, 2015 U.S. Dist. LEXIS 43402 (S.D.N.Y. Mar. 25, 2015) ............................................................................ 2

*Triumph Constr. Corp. v. N.Y. City Council of Carpenters Pension Fund*, 29 F. Supp. 3d 373 (S.D.N.Y. 2014) ............................................................................................................ 2, 3

*Yuquilema v. Manhattan's Hero Corp.*, No. 13-cv-00461 (WHP) (JLC), 2014 U.S. Dist. LEXIS 120422 (S.D.N.Y. Aug. 26, 2014) ............................................................................. 6

**Statutes**

N.Y. Lab. L. § 195.1(a) .................................................................................................................. 5

**Regulations**

12 N.Y.C.R.R. § 146-1.6 ............................................................................................................... 7

12 N.Y.C.R.R. § 146-2.5 ............................................................................................................... 5

12 N.Y.C.R.R. § 146-2.9 ............................................................................................................... 7

**PRELIMINARY STATEMENT**

Plaintiff Yuefeng Shi ("Plaintiff" or "Shi"), by and through his attorneys Troy Law, PLLC, respectfully submits this reply memorandum of law in support of his motion for summary judgment.

**ARGUMENT**

**I. GUO QING CHEN AND YI NEN CHEN MAY NOT DENY THAT THEY WERE PLAINTIFF'S EMPLOYERS, BECAUSE THEIR EMPLOYER STATUS HAS BEEN REMOVED FROM CONSIDERATION AS A JUDICIALLY-ADMITTED FACT**

Defendants attempt to deny that, other than Guo Yong Chen,[1] none of them were Plaintiff's employers. *See* Def. 56.1 Statement ¶ 1; *see also* ¶¶ 2, 15 (Defendants denying that they, other than Guo Yong Chen, were Plaintiff's employers, but not otherwise disputing the factual contentions (that Defendants had knowledge of employers' obligations under the NYLL and Hospitality Industry Wage Order, and that Plaintiff was not an exempt employee respectively). Defendants further attempt to deny that TL & CG, Inc. was during the period relevant to this lawsuit a business corporation organized under the laws of the State of New York, with a principal address at 854 Tenth Avenue, New York, NY 10019, where it operated Han sushi restaurant. *See* Def. 56.1 Statement ¶ 3. However, they may not attempt to deny these facts, as they have been removed from consideration as judicial admissions.

"Facts admitted in an answer, as in any pleading, are judicial admissions that bind the defendant throughout th[e] litigation." *Gibbs v. CIGNA Corp.*, 440 F.3d 571, 578 (2d Cir. 2006), *accord TR 39th St. Land Corp. v. Salsa Distrib. USA, LLC*, No. 11-cv-07193, 2015 U.S. Dist. LEXIS 43402, at *14 (S.D.N.Y. Mar. 25, 2015). "Judicial admissions are not considered to be

---

[1] Defendants' 56.1 Statement ¶ 1 avers that no Defendant was Plaintiff's employer other than Guo Yong Chen. It would seem on a straightforward reading that Defendants denied TL & CG, Inc. was Plaintiff's employer as well. However, Defendants in their Memorandum of Law appear to admit that TL & CG, Inc. was Plaintiff's employer.

1

evidence, but rather have the effect of withdrawing a fact from contention." *Id.* (citations omitted). "This rule holds especially true when the assertion is made by one party concerning matters peculiarly within its knowledge or control." *Triumph Constr. Corp. v. N.Y. City Council of Carpenters Pension Fund*, 29 F. Supp. 3d 373, 380 (S.D.N.Y. 2014).

To be considered a judicial admission, the assertion "must be [a] clear and unambiguous admission of fact." *Hausler v. JP Morgan Chase Bank, N.A.*, 127 F. Supp. 3d 17, 37 (S.D.N.Y. 2015) (quotation marks and citation omitted); *see also Banks v. Yokemick*, 214 F. Supp. 2d 401, 406 (S.D.N.Y. 2002) (describing judicial admissions as "binding assertions of *fact*, matters that a party unequivocally declares to be true because that party is uniquely positioned to know so and concede.") (emphasis in original); *Ancile Inv. Co. Ltd. v. Archer Daniels Midland Co.*, No. 08-cv-09492 (KMW), 2011 U.S. Dist. LEXIS 87843, at *4–5 (S.D.N.Y. Aug. 3, 2011) ("Judicial admissions are formal concession in the pleadings, or stipulations by a party or its counsel.").

"It is certainly true that trial judges are given broad discretion to relieve the parties from the consequences of judicial admissions in the appropriate circumstances," such as when they are "convinced that an honest mistake has been made." *Triumph Constr. Corp.*, 29 F. Supp. 3d at 380. However, as in *Triumph Constr. Corp.*, "there is no indication here that such a mistake was made." *Id.* To the contrary, Defendants *twice* admitted the following allegations, in both their answer and their amended answer, including several repeated admissions that Plaintiff was employed "by Defendants" without limitation or qualification:

1. "From on or about February 20, 2018 to July 30, 2019, Plaintiff YUEFENG SHI was employed by Defendants to work as a Deliveryman for Defendants at 854 10th Ave, New York, NY 10019." *C.f.* Cplt. ¶ 7, Ans. ¶ 7 (admitting), Am. Cplt. ¶ 7 (changing the wording slightly to "From on or about February 20, 2018 through on or about July 30, 2019, Plaintiff YUEFENG SHI was employed by Defendants to work as a deliveryman for Han sushi restaurant located at 854 Tenth Avenue, New York, NY 10019"), Am. Ans. ¶ 7 (admitting);

2. "Defendant TL & CG INC. d/b/a Han is a domestic business corporation organized under the laws of the State of New York with a principal address at 854 10th Avenue, New York,

NY 10019." *C.f.* Cplt. ¶ 8, Ans. ¶ 8 (admitting), Am. Cplt. ¶ 8 (changing the wording very slightly to "TL & CG INC. d/b/a Han is a domestic business corporation organized under the laws of the State of New York with a principal address at 854 Tenth Avenue, New York, NY 10019."), Am. Ans. ¶ 8;

3. "TL & CG INC. d/b/a Han is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year." *C.f.* Cplt. ¶ 9, Ans. ¶ 9 (admitting), Am. Cplt. ¶ 9 (changing the wording very slightly to "TL & CG INC. d/b/a Han is a business engaged in interstate commerce that has gross sales in excess of $500,000.00 per year."), Am. Ans. ¶ 9 (admitting);

4. "TL & CG INC. d/b/a Han purchased and handled goods moved in interstate commerce." *C.f.* Cplt. ¶ 10, Ans. ¶ 10 (admitting), Am. Cplt. ¶ 10 (same), Am. Ans. ¶ 10 (admitting);

5. "GUOYONG CHEN a/k/a Guo Yong Chen and New York Alcoholic Beverage Control principal for TL & CG INC. d/b/a Han, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at TL & CG INC. d/b/a Han.f" *C.f.* Cplt. ¶ 12, Ans. ¶ 12 (admitting), Am. Cplt. ¶ 12 (changing the allegation to read "GUOYONG CHEN a/k/a Guo Yong Chen a/k/a John 01 Doe, known as "Big Boss" and as a shareholder of TL & CG INC. d/b/a Han to Plaintiff, upon information and belief a 50% shareholder of TL & CG INC. d/b/a Han, and the New York Alcoholic Beverage Control principal for TL & CG INC. d/b/a Han, (1) had the power to hire and fire employees of, supervised and controlled employee work schedules or conditions of employment at, (3) determined employees' rates and methods of payment at, and (4) maintained employee records for TL & CG INC. d/b/a Han."), Am Ans. ¶ 12 (admitting)[2];

6. "While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime." *C.f.* Cplt. ¶ 27, Ans. ¶ 27 (admitting), Am. Cplt. ¶ 30 (changing the allegation to "While employed by Defendants, Plaintiff and similarly situated employees were not exempt under federal and state laws requiring employers to pay employees overtime."), Am. Ans. ¶ 30; and

7. "From on or about February 20, 2018 to October 4, 2018, and again from on or about November 21, 2018 to July 30, 2019, Plaintiff YUEFENG SHI was employed by Defendants to work as a Deliveryman at 854 10th Avenue, New York, NY 10019." *C.f.* Cplt. ¶ 33, Ans. ¶ 33 (admitting), Am. Cplt. ¶¶ 38–39 (changing the allegation to "From on or about February 20, 2018 through on or about July 30, 2019, Plaintiff YUEFENG SHI was employed by Defendants to work as a deliveryman for Han sushi restaurant located at 854 Tenth Avenue, New York, NY 10019. From on or about October 5, 2018 through on or about November 02, 2018, Plaintiff YUEFENG SHI did not work."), Am. Ans. ¶¶ 38–39 (admitting).

---

[2] Defendants aver that it is undisputed that Guo Yong Chen was the 100% shareholder of TL & CG, Inc. *See* Dkt. No. 81, at *2. That is not true. Plaintiff pleaded, and Defendants admitted as a judicially-admitted fact, that Guo Yong Chen was a 50% shareholder of TL & CG, Inc.

Accordingly, Defendants are each bound to their admissions in the amended answer: that they were Plaintiff's employers, and that TL & CG INC. d/b/a Han is a domestic business corporation organized under the laws of the State of New York with a principal address at 854 Tenth Avenue, New York, NY 10019.

Additionally, it is undisputed that Guo Qing Chen wrote, signed, and gave to Plaintiff his paychecks. *See* Dkt. No. 78-6.

## II. THERE IS NO DISPUTE AS TO PLAINTIFF'S WAGES

There is no dispute that Plaintiff was not given a copy of the wage notices he signed. *See* Def. 56.1 Statement ¶¶ 16, 17, 18 (averring that Plaintiff "signed [a wage notice] when he was hired and again when his pay rate changed," but failing to aver that Plaintiff was *actually given a copy*); *c.f.* N.Y. Lab. L. § 195.1(a) ("Every employer shall[] *provide* his or her employees… a notice containing the following information:… ") (emphasis added). Defendants also do not dispute that Plaintiff's wage notices falsely stated that he was being paid at an hourly rate when in fact he was not paid on an hourly basis. *See* Def. 56.1 Statement ¶¶ 11, 17, 18, 19, 23, 24, 25, 26, 28, 29 (averring that Plaintiff was paid on a $1,500.00 per month salary basis); *c.f.* 12 N.Y.C.R.R. § 146-2.5 ("Employees… other than commissioned salespersons, shall be paid hourly rates of pay. Employers may not pay employees on a daily, weekly, salary, piece rate, or other non-hourly rate basis.").

There is no dispute that Plaintiff worked 50 hours per week: from 11:00 AM through 10:00 PM, with a 1-hour break, on Mondays, Tuesdays, Wednesdays, Fridays, and Saturdays. *See* Plf 56.1 Statement ¶ 31. It is undisputed that Defendants neither kept nor made part of the trial record time records for Plaintiff. *See* Exs. 1–8, Ex. A. When an employer fails to meet these record-keeping obligations, an employee's burden of proving that he performed work for which he was not properly compensated is reduced. *See Lanzetta v. Florio's Enterprises, Inc.*, 763 F. Supp. 2d

615, 618 (S.D.N.Y. 2011). The employee may carry his burden simply by testifying to his recollection of the hours he worked and the compensation received, even if his calculation is only approximate. *See Yuquilema v. Manhattan's Hero Corp.*, No. 13-cv-00461 (WHP) (JLC), 2014 U.S. Dist. LEXIS 120422, at *9 (S.D.N.Y. Aug. 26, 2014). "The employer then must come forward with the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Lanzetta*, 763 F. Supp. 2d at 618 (quotation marks and citation omitted). In effect, in the absence of employer records, the employee's testimony assumes a "rebuttable presumption of accuracy." *Goett v. VI Jets International, Inc.* No. 14-cv-08256 (MHD), 2015 U.S. Dist. LEXIS 77263, at *5 (S.D.N.Y. Apr. 22, 2015). Here, the employer has not offered any more than an approximation of Plaintiff's schedule, and no evidence approaching a precise number of hours worked. *See* Def 56.1 Statement ¶ 18 (setting forth Plaintiff's schedule, not his actual working time). Similarly, Defendants did not keep records of Plaintiff's pay—the only records of Plaintiff's pay are copies of two of the paychecks given to Plaintiff by Guo Qing Chen. *See* Dkt. No. 78-6. Defendants have thus failed to rebut the presumption in favor of Plaintiff, and have thus failed to create a triable issue of fact.

Similarly, Defendants failed to keep records of Plaintiff's tipped and non-tipped work, and cannot negative Plaintiff's estimate that he spent more than two hours per day performing non-tipped side work. Nor did Defendants keep records of Plaintiff's tips received, or that Plaintiff's tips received amounted to more than the tip credit. Accordingly, Defendants cannot dispute that they were not entitled to claim a tip credit. *See Salinas v. Starjem Rest. Corp.* 123 F. Supp. 3d 442, 470 (S.D.N.Y. 2015); 12 N.Y.C.R.R. § 146-2.9.

Despite their contention that they dispute Plaintiff working a spread of greater than 10 hours, Defendants do not in fact dispute that Plaintiff worked a spread of greater than 10 hours.

5

*See* Dkt. No. 81, at *6. In fact, Defendants admit that Plaintiff's start time each day he worked was at 11:00 AM, and that his ending time each day was 11:00 PM, a spread of 11 hours. *See id.* ("Plaintiff worked from 11:00 a.m. to 10:00 p.m. with a total of three (3) breaks totaling two (2) hours."). "The *spread of hours* is the length of the interval between the beginning and end of an employee's workday. The spread of hours for any day includes working time plus time off for meals plus intervals off duty." 12 N.Y.C.R.R. § 146-1.6 (emphasis in original).

## CONCLUSION

For the reasons stated above, and on all prior proceedings and papers herein, Plaintiff's motion for summary judgment should be granted.

Dated: Flushing, NY
       November 18, 2021

                                    TROY LAW, PLLC

                                    */s/ Aaron B. Schweitzer*
                                    Aaron B. Schweitzer
                                    41-25 Kissena Boulevard
                                    Suite 103
                                    Flushing, NY 11355
                                    Tel: (718) 762-1324
                                    troylaw@troypllc.com
                                    *Attorneys for Plaintiff*