THE LAW FIRM OF
# JOEL SPIVAK
98 CUTTER MILL ROAD, SUITE 310N
GREAT NECK, NEW YORK 11021

TEL: 516-829-3939  
FAX: 516-829-3947

joel@joelspivaklaw.com

June 22, 2022

Magistrate Judge Sarah Netburn  
United States District Court  
Southern District of New York  
40 Foley Square, Room 430  
New York, NY 10007

    **RE:**    ***Shi v. TL & CG Inc., et al.***  
           ***SDNY Case No. 1:19-cv-08502***

Dear Hon. Magistrate Judge Netburn:

    This Letter Brief is submitted on behalf of Defendants TL & CG Inc. d/b/a Han (TL & CG), Guoyong Chen a/k/a Guo Yong Chen (Guoyong Chen), Guoqing Chen a/k/a Guo Qing Chen a/k/a Peter Chen a/k/a Peter Doe (Guoqing Chen) and Yi Nen Chen a/k/a Yinen Chen (Yi Nen Chen), collectively referred to as Defendants.

    By Order dated June 9, 2022, the parties were directed to address the question whether Plaintiff Yeufeng Shi (Plaintiff) has Article III standing to bring claims for violations of NYLL §§ 195(1) and 195(3).

    It is Defendants' position that the Plaintiff does not have standing to bring claims of violation of NYLL §§ 195(1) (Hiring Notice) and 195(3) (Wage Statement) (collectively Wage Theft Prevention Act (WTPA) Claims). As the Court held in *Sevilla v. House of Salads One LLC,* No. 20-CV-6072, 2022 WL 954740 (E.D.N.Y. Mar. 30, 2022), Federal Courts lack jurisdiction to hear such WTPA claims.[1] Alleged violations of WTPA do not satisfy Article III Standing requirements. Technical statutory violations that do not lead to either a tangible injury or something akin to a traditional cause of action cannot sustain Article III standing in Federal Court.

---

[1] See, also, *Wang v. XBB, Inc.,* No. 18-CV-7341 (PKC) (ST), 2022 WL 912592, at *13 (E.D.N.Y. Mar. 29, 2022); *Francisco v. NY Tex Care, Inc.,* No. 19-CV-1649 (PKC) (ST), 2022 WL 900603, at *1 (E.D.N.Y. Mar. 28, 2022).

**Magistrate Judge Sarah Netburn**
**RE:   Shi v. TL & CG Inc., et al.**
         **SDNY Case No. 1:19-cv-08502**
Page 2
June 22, 2022

      As set forth in the cited cases and in our case, Plaintiff does not allege or establish any tangible injury or traditional cause of action to sustain standing here.  Based on the foregoing, this Court lacks jurisdiction to hear the WTPA claims and they should be dismissed.

      Thank you for your consideration and courtesy in this matter.

                                              Very truly yours,

                                              JOEL SPIVAK

JS:er
cc.  John Troy, Esq. *(Via ECF)*