# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 103, Flushing, NY 11355

June 22, 2022

*Via* **ECF**
Hon. Sarah Netburn, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:**   Plaintiff's Letter Response to Address Whether Plaintiff Shi has Article III Standing to bring his claims for violations of NYLL §§195(1) and 195(3) in Federal Court:
*Shi v. TL & CG Inc. et al*, No. 19-cv-08502 (SN), (S.D.N.Y.)

Plaintiff Yuefeng Shi ("Plaintiff" or "Shi"), by and through his attorneys of Troy Law, PLLC, respectfully submits this letter brief in response to the Court Order dated June 09, 2022, to report that Plaintiff Shi has Article III standing to bring claims for violations of N.Y. Lab. L. §§ 195.1, and 195.3.

### Background:

Plaintiff Shi regularly worked 50 hours per week (10 hours per day over a spread of 11 hours, of which more than 2 hours were spent on non-tipped side work, 5 days per week). *See* Dkt. No. 78-9 ¶¶16-18. For this, he was promised a flat salary of $50.00 per day and actually paid $45.00 per day (amounting to $225.00 per week). *Id.* ¶¶19-21. As a result, Plaintiff's effective hourly rate was lower than both the Federal and New York minimum wages and below the New York tip credit minimum wage. Moreover, Defendants did not pay Plaintiff an overtime premium or spread of hours' compensation. *Id.* ¶22. Plaintiff was shown and asked to sign a blank wage notice at his time of hire, but all the information was filled in after he signed and he did not receive a copy. *Id.* ¶15. Plaintiff received no wage statements (paystubs) with his wage payments. *Id.* ¶¶23-24.

### Legal Argument:

The elements of Article III standing are "(1) an injury in fact, (2) a causal connection between that injury and the conduct at issue, and (3) a likelihood that the injury will be redressed by a favorable decision." *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 59 (U.S. 2d Cir. 2021). An injury in fact exists where there is "the invasion of a [1] legally protected interest that is [2] concrete and [3] particularized and [4] actual or imminent, not conjectural or hypothetical." *Id*. at *9. "[C]ertain harms readily qualify as concrete injuries under Article III. The most obvious are traditional tangible harms, such as physical harms and **monetary harms**." *TransUnion LLC*, 141 S. Ct. at 2204 (*emphasis added*). Moreover, the Supreme Court has long held that the withholding of information required to be provided under the law can establish standing. *See FEC v. Akins*, 524 U.S. 11 (1998); *Public Citizen v. U.S. Dep't of Justice*, 491 U.S. 440 (1989). In *TransUnion*, the Supreme Court reaffirmed that a so-called "informational injury" can give rise to standing (although under the circumstances of that case it did not). 141 S. Ct. at 2214. The Second Circuit recently explained that a plaintiff alleging an informational injury based on the withholding of information "must allege downstream consequences from failing to receive the required information in order to have an Article III injury in fact. In other words, [a plaintiff] must show that he has an interest in using the information beyond bringing his

lawsuit." *Harty v. West Point Realty, Inc.*, No. 20-2672-CV, 2022 U.S. App. LEXIS 7107, at *13 (2d Cir. Mar. 18, 2022)

### I. <u>Plaintiff Shi has Article III standing to bring his claims for Violation of N.Y. Lab. L. § 195(1)</u>

"NYLL [§ 195(1)] provides that an employer must provide within ten business days of an employee's first day of employment a notice containing important information about both the business and the employee's terms of employment." *Lin*, 2021 U.S. Dist. LEXIS 234101, at *24–25. Among other things, such a notice must include the rate of pay and basis thereof and any allowances claimed, such as a tip credit. As noted above, Defendants never provided Plaintiff with a completed wage notice. He suffered at least two downstream consequences from this that are sufficient to establish standing. First, the lack of notice facilitated the underpayments at the heart of this case. By keeping Plaintiff in the dark about the pay rate, Defendants made it more difficult for Plaintiff to identify and challenge the fact that he was being underpaid. Presumably this is the very reason that Defendants had Plaintiff sign a blank wage notice. Second, an employer may not use a tip credit unless it has provided written notice of the tip credit to an employee. 12 NYCRR §§ 146-1.3, 146-2.2; *e.g.*, *Chichinadze v. BG Bar, Inc.*, No. 18 Civ. 8069, 2021 U.S. Dist. LEXIS 23594, at *26 (S.D.N.Y. Feb. 8, 2021); *Guerra v. Trece Corp.*, No. 18 Civ. 625, 2020 U.S. Dist. LEXIS 223309, at *33-34 & n.15 (S.D.N.Y. Nov. 30, 2020). A valid NYLL § 195(1) would have included such notice. Because Defendants did not provide Plaintiff with a wage notice, they were not entitled to pay him pursuant to a tip credit. Thus, the amount of Plaintiff's wage underpayment is greater than it would have been if Defendants gave him a wage notice, and Plaintiff has suffered a monetary harm that plainly confers standing.

### II. <u>Plaintiff Shi has Article III standing to bring his claims for Violation of N.Y. Lab. L. § 195(3)</u>

Under N.Y. Lab. L. § 195(3) Defendants were obligated to provide Plaintiff with a wage statement containing specified information each time that he was paid. However, Defendants never gave Plaintiff a wage statement. As a result, he suffered an informational injury that confers Article III standing. Plaintiff here had an interest in using the information in wage statements beyond bringing this lawsuit. N.Y. Lab. L. § 195(3) was enacted as part of the Wage Theft Prevention Act ("WTPA"). *Imbarrato v. Banta Mgmt. Servs.*, No. 18 CV 5422, 2020 U.S. Dist. LEXIS 49740, at *21, 2020 WL 1330744 (S.D.N.Y. Mar. 20, 2020). The purpose of the WTPA was "**to further protect an employee's concrete interest in being paid what he or she is owed under the NYLL. The statute explicitly recognizes that this interest is put at risk when employees are mis- or un-informed regarding their rights and the responsibilities of their employers, and seeks to guard against that harm by requiring employers to regularly apprise their employees of such information as the rate and basis of their wages and any allowances claimed by the employer**." *Id*. at *22-23 (internal quotation marks omitted). Consistent with this purpose, if Defendant had provided Plaintiff with wage statements, he would have been able to use those wage statements to determine how he was being paid and identify and challenge soon the fact that he was being underpaid. Thus, just as was the case with Defendants' failure to provide a wage notice, Defendants' failure to provide wage statements facilitated the monetary harm that Plaintiff suffered.

The wholesale failure to provide legally required information that a plaintiff intends to use, such as Plaintiff alleges here, is a quintessential and actionable informational injury. Not only did Plaintiff Shi have "an interest in using the information [that would have been included in the wage statements] beyond bringing [his] lawsuit[,]" *Harty*, 2022 U.S. App. LEXIS 7107, at *13, 2022 WL 815685, but this is also precisely the type of harm that multiple courts found confers standing. In *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 2022 U.S. App. LEXIS 5357, the Ninth Circuit found that plaintiffs had standing to pursue Fair Credit Reporting Act claims for defendant's required information because "they alleged that without complete information . . . they are unable to adequately opt out of certain disclosures to other parties and ensure fair and accurate reporting of their credit information." *Id*. at *17. The Ninth Circuit distinguished the *Tailford* facts from *TransUnion* because while the *Tailford* plaintiffs alleged that they were not given certain information, the *TransUnion* plaintiffs "lacked standing because their only allegation of non-disclosure was improper formatting of the information." *Id*.

Here, Plaintiff alleges that because Defendants did not give him wage statements as required by N.Y. Lab. L. § 195(3), he has never known the basis of his pay. *See* Dkt. No. 78-9 ¶¶23-24. As such, the Defendants prevented him from confirming the accuracy of his wage payments and taking action to correct any errors. *Id*. Thus, the Defendants' violation of N.Y. Lab. L. § 195(3) caused Plaintiffs an informational injury, and he has the standing to pursue that claim.

Further, both "*Wang v. XBB, Inc.*, No. 18-cv-07341 (PKC) (ST), 2022 U.S. Dist. LEXIS 57481, at *34–35 (E.D.N.Y. Mar. 29, 2022), upon which this Court or Defendants would rely for their lack-of-standing contention, and *Francisco v. NY Tex. Care, Inc.*, No. 19-cv-01648 (PKC) (ST), 2022 U.S. Dist. LEXIS 55633, at *16–17 (E.D.N.Y. Mar. 28, 2022) upon which it in turn relies, are very recent innovations by Judge Chen which have not been adopted by other judges in that District, including Chief Judge Brodie. *See*, *e.g.*, *Lin*, 2021 U.S. Dist. LEXIS 234101; *Perry v. High Level Dev. Contr. & Sec. LLC*, No. 20-cv-02180 (AMD) (PK), 2022 U.S. Dist. LEXIS 47165, at *25–26 (E.D.N.Y. Mar. 16, 2022); *Neri v. Abi Japanese Rest.*, No. 20-cv-00581 (MKB), 2021 U.S. Dist. LEXIS 252853, at *23–26 (E.D.N.Y. Nov. 24, 2021).

### Conclusion:

For the foregoing reasons, mentioned above, Plaintiff Shi has Article III standing to bring both his claims for violations of N.Y. Lab. L. § 195.1 for failure to furnish Plaintiff with a wage notice compliant with Section 195.1 of the NYLL at time of hire or thereafter, and N.Y. Lab. L. § 195.3 for failure to furnish Plaintiff with wage statements compliant with Section 195.3 of the NYLL with each payment of wages.

Respectfully Submitted,

*/s/ John Troy*
John Troy, Esq.
Aaron Schweitzer, Esq.
Tiffany Troy, Esq.
*Attorney for Plaintiff*

Cc: all counsel of record via ECF
/pk