UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

YUEFENG SHI,

                             Plaintiff,                             19-CV-08502 (JMF)(SN)

                -against-                                  **REPORT &**
                                                                       **RECCOMENDATION**

TL & CG INC., et al.,

                              Defendants.
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE JESSE M. FURMAN:**

      Plaintiff Yuefeng Shi sued TL & CG Inc., Guoyong Chen, Guoqing Chen, Yi Nen Chen, and Jian Xiang Yang for failing to pay him minimum and overtime wages as required by the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), as well as for alleged violations of various other NYLL Provisions.

      On May 19, 2023, the jury returned findings consistent with liability as to Defendants TL & CG Inc., Guoyong Chen, and Guoqing Chen (the "Defending Defendants"). ECF No. 125. Thereafter, the Court issued an Opinion & Order applying the jury's findings to the legal claims, addressing Plaintiff's standing to bring Wage Theft Prevention Act claims, and resolving Plaintiff's motion for attorneys' fees against the Defending Defendants. ECF No. 158. The Court issued an Order of Amended Judgment against the Defending Defendants, finding them jointly and severally liable for $103,876.84 in damages, plus post-judgment interest pursuant to 28 U.S.C. § 1961, and $70,540.50 in attorneys' fees and costs. ECF No. 166.

Because Defendant Jian Xiang Yang ("Defendant Yang") was served with the complaint, ECF No. 46, and to date has failed to appear, a certificate of default was issued against Defendant Yang on June 16, 2023. ECF No. 130. That same day Plaintiff moved for default judgment against him. ECF No. 131. Following the Court's decision on Plaintiff's motion for attorneys' fees against the Defending Defendants, Plaintiff filed a motion for attorneys' fees and costs against Defendant Yang. ECF No. 167.

I recommend that Plaintiff's motion be granted and that the Court enter judgment against Defendant Yang jointly and severally with the Defending Defendants for violating the minimum and overtime wage provisions of the NYLL, failing to provide spread-of-hours pay, and failing to reimburse Plaintiff for tools of the trade. I also recommend that the Plaintiff's counsel be awarded fees and costs, as explained below.

## DISCUSSION

"It is an ancient common law axiom that a defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) (internal quotation marks omitted). Allegations are not well-pleaded if they are "inconsistent with . . . facts of which the Court can take judicial notice" or "contrary to uncontroverted material in the file of the case." Hop Hing Produces Inc. v. Lin Zhang Trading Co., No. 11-cv-03259 (NGG)(RLM), 2013 WL 3990761, at *3 (E.D.N.Y. Aug. 5, 2013) (first quoting In re Indus. Diamonds Antitrust Litig., 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000), then Trans World Airlines v. Hughes, 449 F.2d 51, 63 (2d Cir. 1971)). Thus, in light of Defendant Yang's default, Plaintiff's properly-pleaded allegations are accepted as true, except those relating to damages. See Cotton v. Slone, 4 F.3d 176, 181 (2d. Cir. 1993).

To establish FLSA liability against an individual, that individual must be a plaintiff's employer under the "economic reality" test, which asks "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir. 1984); see also Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61, 71 (2d Cir. 2003) (clarifying that the Carter factors are not exclusive, and that "economic reality is determined based upon *all* the circumstances"); Pelgrift et al. v. 335 W. 41st Tavern Inc., 14-cv-08934 (AJN), 2017 WL 4712482, at *7 (S.D.N.Y. September 28, 2017) (reiterating that "lack of support for one Carter factor is not fatal").

Plaintiff's complaint states that Defendant Yang was a shareholder of the corporate Defendant, and that he determined employee wages and scheduling, had the power to hire and fire, and maintained employee records. Am. Compl., ¶¶ 19-20. Thus, Plaintiff has adequately claimed that Defendant Yang was his employer under FLSA.

Plaintiff also properly claims he was an employee of Defendant Yang for the relevant time period. Am. Compl., ¶ 7. An employee is "any individual employed by an employer." 29 U.S.C. § 203(e)(1). The burden on plaintiffs to demonstrate their status as employees is low. Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 32 (E.D.N.Y. 2015) ("Insofar as Plaintiffs' complaint alleges that Defendants employed Plaintiffs within this statutory meaning, it follows that for purposes of this default, they qualify as employees under the FLSA.") (cleaned up). Plaintiff, who was employed as a delivery worker, is not exempt from the FLSA's overtime requirement. See Fermin, 93 F. Supp. 3d at 32; see also Galvez v. 800 Ginza Sushi Inc., No. 19-cv-8549 (JPC), 2022 WL 748286 (S.D.N.Y. Mar. 11, 2022) (granting summary judgment on the

3

unpaid overtime claims of delivery workers). Therefore, Plaintiff has adequately claimed he was a non-exempt employee of Defendant Yang for the relevant period.

The definitions of employer and employee are functionally identical under NYLL. See Pelgrift, 2017 WL 4712482, at *7; see also N.Y. Lab. Law §§ 651(5)-(6). Defendant Yang is liable as an employer under the FLSA and NYLL because the tests are not meaningfully different. Pelgrift, 2017 WL 4712482, at *7.

Finally, under the FLSA and NYLL, defendants are jointly and severally liable for any damages awarded to a plaintiff. See Pineda v. Masonry Constr., Inc., 831 F. Supp. 2d 666, 685-86 (S.D.N.Y. 2011). Accordingly, Defendant Yang is properly held jointly and severally liable with the Defending Defendants for $103,876.84 in damages, plus post-judgment interest pursuant to 28 U.S.C. § 1961.

## ATTORNEYS' FEES

The Court has previously addressed Plaintiff's entitlement to attorneys' fees and costs and has set the appropriate hourly rates at $400 (John Troy), $350 (Aaron Schweitzer), and $150 (Preethi Kilaru). ECF 158 at 10-12. In addition, the Court has previously addressed some of the billing practices of John Troy that resulted in an across-the-board reduction of his hours by 20%. Id. at 13-14. Many of those problematic entries are included in the fees sought against Defendant Yang, and so the Court imposes the same 20% reduction. For example, Mr. Troy billed .5 hours to "File Consent to Become Party Plaintiff" on August 5, 2019, but this case was not filed until September 12, 2019. Mr. Troy again billed .5 hours to "File Consent to Become a Party Plaintiff" when the case was filed on September 12, 2019. Mr. Troy billed an additional 1.5 hours on September 12, 2019, to "File Request for Issuance of Summons" (.5) and "File the Complaint, Summons & Civil Cover Sheet USDC" (1.0). These tasks should take minutes, not hours, and should be performed by a paralegal and not a managing partner.

I.   **Joint and Several Responsibility**

Under NYLL, a prevailing plaintiff is entitled to reasonable attorneys' fees and costs. N.Y. Lab. Law § 198(4). Because the Court has already held that the Defending Defendants are liable for certain attorneys' fees, the Court concludes that Defendant Yang shall be jointly and severally liable for fees incurred by Plaintiff up to his default.

In support of their application, Plaintiff's attorneys have submitted a billing invoice. See ECF No. 168-1. Plaintiff seeks 16.80 hours for work performed by John Troy through Defendant Yang's default, and the Court reduces that by 20% to 13.44 hours, for an award of $5,376.00 (13.44 hours x $400/hour). Plaintiff seeks 13.92 hours for work performed by Aaron Schweitzer. ECF No. 168 at 26. The Court previously found that Mr. Schweitzer's billing practices did not raise similar concerns to justify an across-the-board reduction. The Court, however, has undertaken its own calculation of the billing invoice and concludes that Mr. Schweitzer billed 12.17 hours for work through Defendant Yang's default. Accordingly, Plaintiff is entitled to an award of $4,259.50 (12.17 hours x $350/hour). Finally, Plaintiff seeks 2.4 hours for work performed by managing clerk Preethi Kilaru and is entitled to $360.00 (2.4 hours x $150/hour). Plaintiff also seeks to be reimbursed $400 for the filing fee.

Thus, Defendant Yang should be held jointly and severally liable with the Defending Defendants for $9,995.50 in fees and $400 in costs.

II.   **Sole Responsibility**

Defendant Yang is solely liable for the fees and costs incurred in serving him and obtaining default judgment against him. Plaintiff seeks 4.35 hours for work performed by John Troy to "Review & finalize motion for Default Judgment." This number should also be reduced by 20% because it is excessive in light of Mr. Schweitzer's work on the default motion and

5

because Mr. Troy's "review" failed to locate calculation errors that required additional work for the Court. See ECF Nos. 164, 165. Accordingly, Plaintiff is entitled to an award of $1,392.00 (3.48 hours x $400/hour). Mr. Schweitzer performed 5.7 hours of work in connection with the motion for default against Defendant Yang.

Accordingly, Plaintiff is entitled to $1,995.00 (5.7 hours x $350/hour) for work performed on the default judgment motion. Plaintiff is also entitled to $125 for service fees and $4.46 for postage.

Thus, Defendant Yang should be held solely liable for $3,387.00 in fees and $129.46 in costs.

## CONCLUSION

Because Plaintiff adequately pleaded that Defendant Yang was an employer and is liable for wage and hour violations under the NYLL, I recommend he be held jointly and severally liable with Defendants TL & CG Inc., Guoyong Chen, and Guoqing Chen for $42,771.45 in actual damages, $42,771.45 in liquidated damages, $17,533.94 in prejudgment interest under N.Y. CPLR §§ 5001, 5004 at nine percent, and $800.00 for tools of the trade claims. I recommend that, pursuant to NYLL § 198(4), should any amounts remain unpaid upon the expiration of 90 days following issuance of judgment, or 90 days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by 15 percent.

Finally, I further recommend that Defendant Yang be held liable for attorneys' fees and costs in the amount of $10,395.50 jointly and severally with the Defending Defendants, and personally in the amount of $3,516.46.

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   October 3, 2023
         New York, New York

\*          \*          \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS
TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). These objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Jesse M. Furman at the United States Courthouse, 40 Foley Square, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Furman. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).