UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X
:
YUEFENG SHI, :
:
:
                      Plaintiff, : 19-CV-8502 (JMF)
:
     -v- : ORDER ADOPTING
: REPORT AND
TL & CG INC. d/b/a HAN et al., : RECOMMENDATION
:
                    Defendants. :
:
------------------------------------------------------------------------- X

JESSE M. FURMAN, United States District Judge:

      These motions for default judgment, ECF No. 131, and for attorneys' fees and costs, ECF No. 167, were referred to Magistrate Judge Netburn for a Report and Recommendation. *See* Docket No. 173. In the Report and Recommendation filed on October 3, 2023, Magistrate Judge Netburn recommended principally: that Defendant Jian Xiang Yang ("Defendant Yang") be held jointly and severally liable with Defendants TL & CG Inc., Guoyong Chen, and Guoqing Chen for $42,771.45 in actual damages, $42,771.45 in liquidated damages, $17,533.94 in prejudgment interest, and $800.00 for tools of the trade claims; and that Defendant Yang be held liable for attorneys' fees and costs in the amount of $10,395.50 jointly and severally with the Defending Defendants, and personally in the amount of $3,516.46. *See* Docket No. 174.

      In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that

there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* Docket No. 174. In addition, the Report and Recommendation expressly called Defendant Yang's attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Defendant Yang waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the petition and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in its entirety.

The Clerk of Court is directed to terminate Docket Nos. 131 and 167 and close this case.

SO ORDERED.

Dated: October 19, 2023
New York, New York

JESSE M. FURMAN
United States District Judge